UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
CHATTANOOGA

| | | |
|---|---|---|
| Kenneth Andrew Colbaugh, | § | |
| Individually and as Surviving Spouse | § | |
| on behalf of the Estate of | § | |
| Tabatha Marie Colbaugh, | § | |
| f/k/a Tabatha Marie Smith | § | |
| (Deceased), | § | No. |
| Plaintiff, | § | Jury Demanded |
| | § | |
| Vs. | § | |
| | § | |
| Meigs County, Meigs County | § | |
| Sheriff Department | § | |
| The Estate of Robert J. Leonard | § | |
| c/o Neil Pinkston Administrator | § | |
| Ad Litem, and John Doe 1-10 | § | |
| Defendants. | § | |

# COMPLAINT

NOW COMES PLAINTIFF, KENNETH ANDREW COLBAUGH, (hereinafter "Mr. Colbaugh") individually and as surviving spouse on behalf of the Estate of Tabatha Marie Colbaugh (deceased), and in support of his Complaint states as follows:

## Introduction

1. This Complaint, pursuant to 42 U.S.C. §1983 and §1988 as well as attendant state law claims, follows the death of Tabatha Marie Colbaugh (hereinafter "Ms. Colbaugh") who was in the custody of Meigs County generally, and officer

1

Robert J. Leonard (hereinafter "Mr. Leonard") specifically when the patrol car, driven by Mr. Leonard left the roadway and plunged into the Tennessee River, killing both Mr. Leonard and Ms. Colbaugh, who was handcuffed in the back seat.

## Jurisdiction and Venue

2. This Court maintains jurisdiction of this case pursuant to 28 U.S.C. §1331 and §1343 for violation of federal laws, and pursuant to 28 U.S.C. §1357 for state law claims arising from the same set of circumstances.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because all acts that give rise to this cause of action occurred in Meigs County, Tennessee.

## Parties

4. Mr. Colbaugh is a resident of Meigs County, Tennessee and was a resident of Meigs County, Tennessee at all relevant times set forth in this Complaint; and is the surviving spouse of Ms. Colbaugh. As the surviving spouse, Mr. Colbaugh has priority to bring this claim pursuant to Tenn. Code Ann. § 20-5-107.

5. Ms. Colbaugh, likewise, was a resident of Meigs County, Tennessee and was a resident of Meigs County, Tennessee at all relevant times set forth in this Complaint.

6. Mr. Leonard, likewise, was a resident of Meigs County, Tennessee and was a resident of Meigs County, Tennessee at all relevant times set forth in this Complaint. His Estate is established in Meigs County and represented by Mr. Neil Pinkston, administrator ad litem.

7. Meigs County is a political sub-division of the State of Tennessee.

8. Meigs County is directly responsible for their own acts and omissions pled herein; and as the employer or Mr. Leonard; vicariously liable for all acts and/or omissions plead against Mr. Leonard herein.

9. Meigs County Sheriff Department is a subdivision of Meigs County; and was the employer of Mr. Leonard at all times set forth herein and as such were responsible for his training, actions and omissions.

10. Both the Estate of Tabatha Colbaugh and the Estate of Robert J. Leonard were organized in Meigs County Tennessee probate court.

11. Ms. Colbaugh has four biological children who, along with Mr. Colbaugh, are heirs at law of Ms. Colbaugh's estate:

    a. Nathan Smith, an adult son, currently represented by other counsel[1];

---

[1] Nathan Smith has filed a case in this Court, bearing case number 1:24-cv-00104. The case contains his own, rightfully filed loss of consortium claim; but also wrongfully purports to bring the wrongful death claim that is stated herein, despite Nathan Smith not being the surviving spouse and despite having not been appointed as the personal representative for the estate of Ms. Colbaugh. Proceedings are ongoing in the probate court in Meigs County and scheduled to reconvene April 15, 2024 regarding Nathan Smith's efforts to deny Mr. Colbaugh surviving spouse status. Mr. Colbaugh has sought the appointment of a public administrator for the Estate, and that effort has been joined by the custodians and guardians of the three minor children. But for Nathan Smith and his counsel, all beneficiaries are united in the request for the

b. Three minor children, identified herein as N.R., J.E., and L.C$^2$. who are all the subjects of custodial orders and/or guardianship orders.

c. The custodians and guardians for the minor children share the same counsel as Mr. Colbaugh in this matter and the related probate matter.

## Facts

12. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

13. Prior to death, Mr. Leonard was employed for less than three months by Defendant Meigs County in the Meigs County Sherriff's Department as a deputy.

14. On February 14, 2024 Mr. Leonard was dispatched to respond to a disturbance involving a female and male fighting on the Tennessee Highway 60 bridge in Birchwood, Tennessee.

15. Mr. Leonard handcuffed Ms. Colbaugh behind her back, and placed her in the back of his patrol car.

16. Thereafter, Mr. Leonard reported same to dispatch, indicating he was headed back to the police station.

---

appointment of a public administrator in the probate matter. Ginger Buchanan represents all beneficiaries except Nathan Smith in the probate matter.

$^2$ L.C. is Mr. Colbaugh's daughter in common with Ms. Colbaugh.

17. Mr. Leonard also was texting with his wife at this time.

18. Texting and driving is a class C misdemeanor in Tennessee.

19. Mr. Leonard did not return to the police station, but rather drove in the opposite direction and plunged the patrol car into the Tennessee River despite multiple rumble strips on the roadway, and with Ms. Colbaugh literally trapped inside.

20. The vehicle was found at the bottom of the river.

21. Mr. Leonard's body was found outside of the vehicle; Ms. Colbaugh's body was found in the back seat of the patrol vehicle – her hands still cuffed behind her.

22. Ms. Colbaugh's death certificate lists the injury causing death as "drowning while in custody".

23. Upon information and belief, Meigs County provided some, but yet inadequate, training for Mr. Leonard prior to allowing him to act as an officer and effectuate arrests.

24. As a direct and proximate result of the acts and omissions of Mr. Leonard and Meigs County, Ms. Colbaugh wrongfully died while in their custody.

### Count I – Violation of Civil Rights under Color of Law – Deprivation of 14th Amendment's Protection of Liberty Interest and Bodily Integrity

25. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

26. In placing Ms. Colbaugh under arrest and in the back of his patrol car in handcuffs, Mr. Leonard created a special relationship wherein Ms. Colbaugh

was wholly reliant upon Defendants to ensure that she would not be injured or killed.

27. By committing a Class C misdemeanor by texting and driving while Ms. Colbaugh was handcuffed in the back seat, Mr. Leonard engaged not only in criminal activity, but acted with deliberate indifference to the safety of Ms. Colbaugh.

28. That, coupled with the apparent inability of Mr. Leonard to navigate the route from the arrest scene to the police department reflects a failure in training where: 1) Mr. Leonard disregarded criminal statutes; 2) Mr. Leonard lacked knowledge of his patrol area; and 3) Mr. Leonard disregarded rumble strips and warnings designed to avoid driving into the river.

29. Upon information and belief formed from public reporting; it appears that there is time unaccounted for between Mr. Leonard's dispatch that he was headed back to the station; and a subsequent call from Mr. Leonard that stated: "water".[3]

30. While the specifics of the delay are unclear; any delay between the arrest of Ms. Colbaugh, reporting the arrest to dispatch, and beginning transport of Ms.

---

[3] At this time, the Freedom of Information Request is outstanding regarding the specifics; and no discovery has commenced that can enlighten regarding this time frame. Plaintiff's may seek amendment of this Complaint when more information is available.

6

Case 1:24-cv-00151-DCLC-CHS   Document 1   Filed 04/15/24   Page 6 of 13   PageID #: 6

Colbaugh to the station would be violative of standards regarding these protocols.

31. These violations reflect a lack of training by Meigs County as it relates to Mr. Leonard.

32. As a direct and proximate result of the acts and omissions of Mr. Leonard and Meigs County, Ms. Colbaugh wrongfully died while in their custody.

33. Defendants were acting under the color of law at all relevant times herein, and their acts and omissions violated Ms. Colbaugh's Fourteenth Amendment right to be free from infliction of physical pain, suffering and death, and not to be harmed by Defendants without the due process of law.

34. Plaintiff has been harmed by Defendants as more fully set forth below.

## Count II – Wrongful Death

35. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

36. Tenn. Code Ann. §20-5-106 provides that an action exists for the wrongful death of another, and that the surviving spouse has priority in the initiation of same.

37. Defendant's acts and omissions as described herein were the direct and proximate cause of Ms. Colbaugh's death.

38. Defendants are sued in their individual and official capacities.

39. Plaintiff has been harmed by Defendants as more fully set forth below.

## Count III – Gross Negligence

40. Mr. Leonard had a duty to protect Ms. Colbaugh, and to refrain from inflicting harm and death to her.

41. All of Mr. Leonard's activities that are subject to this Complaint were undertaken under the color of law and in accordance with his employment with Meigs County.

42. Meigs County had a duty to reasonably train new officers to act, or refrain from acting, in the manner that Mr. Leonard acted and refrained from acting as described herein.

43. Both Mr. Leonard and Meigs County breached their duties in conducting their activities with the recklessness described herein.

44. As a direct and proximate cause of these breaches, Plaintiff has been harmed by Defendants as more fully set forth below.

## Count IV – Negligence

45. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

46. Meigs County has the duty to maintain the bridge and roads whereupon the events of this Complaint unfolded[4].

---

[4] https://www.meigscounty.org/directory-pages/highway-department

47. Public records recount accidents occurring prior the events that are the subject of this Complaint in the same area, and in the same manner.

48. Meigs County breached this duty by failing to provide risk-appropriate warnings for drivers on the bridges and roads.

49. Meigs County had prior knowledge of the danger presented by the status quo regarding their maintenance of the subject bridge and roads; but failed to act affirmatively to decrease the danger.

50. As a direct and proximate cause of these breaches, Plaintiff has been harmed by Defendant Meigs County as more fully set forth below.

## **Count V – Assault and Battery**

51. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

52. By plunging the patrol car with Ms. Colbaugh handcuffed inside into the Tennessee River, Mr. Leonard engaged in an unlawful touching of Ms. Colbaugh's person without permission, causing the damages more fully described below.

53. As Ms. Colbaugh was a lifetime resident of the area, it is certain that she would have been aware of the danger of the patrol car ending up in the river as it moved

9

down the street toward it and formed a reasonable, imminent fear of same, causing the damages more fully described below.

## Count VI – Intentional Infliction of Emotional Distress

54. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

55. The actions of Defendants as described herein exceed the bounds of what is accepted in a civilized society, and raise to the level of extreme and outrageous.

56. These actions were intentional, and were the direct and proximate cause of Ms. Colbaugh's emotional distress leading up to her death

57. Plaintiff has been injured by Defendants as more fully set forth below.

## Count VII – Liability Pursuant to Tenn. Code Ann. §8-8-302

58. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

59. Tenn. Code Ann §8-8-302 provides that anyone incurring any wrong, injury, loss, damage or expense from any act or failure to act on the part of any deputy appointed by the sheriff to bring suit against the County.

60. As such, Meigs County is the appropriate Defendant for the claims set forth by Plaintiff herein; and is liable for Plaintiff's damages as more fully set forth below.

## Count IX – Liability Pursuant to Tenn. Code Ann. §29-20-202

61. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

62. Tenn. Code Ann. §29-20-202 provides that immunity from suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle while in the scope of employment.

63. As such, Meigs County is the appropriate Defendant for the claims set forth by Plaintiff herein; and is liable for Plaintiff's damages as more fully set forth below.

## Count X – Loss of Consortium

64. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

65. As a direct and proximate cause of Defendants' conduct alleged herein, Mr. Colbaugh[5] lost his wife and his ability to have a continuing relationship with her and benefit from her love and affection.

---

[5] N.R., J.E and L.C. intend to bring their own loss of consortium claims and will seek to amend this Complaint to include them upon the appointment of a public administrator.

## Damages

66. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

67. Plaintiff[6] has been damaged by the wrongful actions set forth herein as follows:

   a. Injury as to Tabatha Colbaugh;

   b. Death as to Tabatha Colbaugh;

   c. Emotional distress as to Tabatha Colbaugh;

   d. Fright, mortification and fear as to Tabatha Colbaugh;

   e. Injury as to Kenneth Andrew Colbaugh;

   f. Emotional distress as to Kenneth Andrew Colbaugh;

   g. Emotional distress as to Kenneth Andrew Colbaugh;

   h. Loss of consortium as to Kenneth Andrew Colbaugh;

   i. Attorney fees;

   j. Interest;

   k. Cost of Suit;

   l. All other damages that flow naturally for the occurrences described herein.

   Respectfully Submitted,

---

[6] Plaintiff will seek to amend damages to include all damages available to N.R., J.E. and L.C. upon the appointment of a public administrator.

SUMMERS, RUFOLO, & RODGERS, P.C.

By:   s/Jeffrey Rufolo
Jeffrey Rufolo
BPR No. 015013
Attorney for Plaintiffs
SUMMERS, RUFOLO, & RODGERS, P.C.
735 Broad Street, Suite 800
Chattanooga, Tennessee 37402
Telephone: (423) 265-2385
Facsimile: (423) 266-5211

OLIVER BELL GROUP, P.C.

*/s/ Alyson Oliver*
Alyson Oliver*
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

*Pro hac vice motion pending

## CERTIFICATE OF SERVICE

    I hereby certify that on April 15, 2024, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

  s/Jeffrey Rufolo
Jeffrey Rufolo BPR No. 015013