UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
CHATTANOOGA

| | | |
|---|---|---|
| Kenneth Andrew Colbaugh, | § | |
| Individually and as Surviving Spouse | § | |
| of Tabatha Marie Colbaugh | § | Case No. 1:24-cv-00151 |
| f/k/a Tabatha Marie Smith | § | |
| (Deceased), JE through next friend JH | § | Hon. Clifton L. Corker |
| NR through next friend SR, and LC | § | Mag. Christopher H. Steger |
| through next friend EH, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| | § | |
| Vs. | § | |
| | § | |
| Meigs County, | § | |
| The Estate of Robert J. Leonard | § | |
| c/o Neal Pinkston Administrator | § | |
| Ad Litem, and John Doe 1-10 | § | |
| Defendants. | § | |

## MOTION TO CONSOLIDATE

Now comes Plaintiffs, by and through counsel, Oliver Bell Group, pursuant to Federal Rule of Civil Procedure 42(a)(2) and files this Motion to Consolidate case 1:24-00104 into this case and for reasons more thoroughly set forth in the attached Memorandum.

Plaintiff relies on the attached Memorandum of Law in support of this motion.

1

Wherefore, Plaintiffs respectfully request that this Court enter an Order granting his request and consolidating case 1:24-cv-00104 into this case.

Respectfully Submitted,

Date: May 22, 2024

OLIVER BELL GROUP

*/s/ Alyson Oliver*_____
Alyson Oliver*
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

SUMMERS, RUFOLO, & RODGERS, P.C.
Jeffrey Rufolo
BPR No. 015013
Attorney for Plaintiffs
SUMMERS, RUFOLO, & RODGERS, P.C.
735 Broad Street, Suite 800
Chattanooga, Tennessee 37402
Telephone: (423) 265-2385
Facsimile: (423) 266-5211


*Admitted Pro hac vice

| | |
|---|---|
| Kenneth Andrew Colbaugh, §<br>Individually and as Surviving Spouse §<br>of Tabatha Marie Colbaugh §<br>f/k/a Tabatha Marie Smith §<br>(Deceased), JE through next friend JH §<br>NR through next friend SR, and LC §<br>through next friend EH, §<br>　　　　Plaintiffs, §<br>§<br>§<br>§<br>Vs. §<br>§<br>Meigs County, §<br>The Estate of Robert J. Leonard §<br>c/o Neal Pinkston Administrator §<br>Ad Litem, and John Doe 1-10 §<br>　　　　Defendants. § | Case No. 1:24-cv-00151<br><br>Hon. Clifton L. Corker<br>Mag. Christopher H. Steger |

# MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

## FACTS

On February 14, 2024, Officer Robert Leonard arrested Tabatha Marie Colbaugh (Deceased) and placed her in the back of his patrol car. Officer Leonard's then drove his patrol car into the Tennessee River where the pair drowned. On March 4, 2024, Plaintiff Nathan Alexander Smith filed suit against Meigs County and Robert J. Leonard in case number 1:24-cv-00104. Nathan Smith is the only adult child of Mrs. Colbaugh, who had four children at the time of her death.

On April 15, 2024, Plaintiff Kenneth Colbaugh - as surviving spouse - brought a similar action against Meigs County and the Estate of Robert Leonard and a number of John Doe's; which is this case. The Complaint has now been amended to include the three minor children through their guardians as additional plaintiffs. This case contains four of five potential beneficiaries of this lawsuit, wherein case 1:24-cv-00104 contains Mr. Smith, the only potential beneficiary not represented in this case.

Both cases include claims for the wrongful death of Mrs. Colbaugh as well as for civil rights violations and state law claims. While Mrs. Colbaugh is referred to as 'Tabitha Smith' in case 1:24-00104, she is the decedent at issue in both cases whose legal name was Tabatha Colbaugh at the time of her passing.

## STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 42(a)(2), if actions before the court involve a common question of law or fact, the court may consolidate the actions. A proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court, would be to consolidate them under Rule 42(a). *Miller v. United States Postal Service*, 729 F.2d 1033, 1984 U.S.App. LEXIS 23479 (5th Cir. 1984).

Case law dictates that the Court must take into consideration certain factors such as:

> "Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives."

*Cantrell v. GAF Corp.*, 999 F.2d 1007,1011 (6th Cir. 1993) (Quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Even when no party seeks consolidation, district courts can consolidate cases, since courts are routinely granted authority to consolidate related matters and, although not identical, issues presented are essentially the same. *Tully Constr. Co. v. Cannonsburg Envtl. Assocs.*, 72 F.3d 1260, 1996 U.S.App. LEXIS 280 (6th Cir. 1996).

## DISCUSSION

The common questions of law or fact are the same in both cases to which this motion pertains. Both cases arise from the same set of facts, names essentially[1] the same set of Defendants, and make similar allegations regarding Defendant's alleged civil rights violations, wrongful death, and state law violations.

Tennessee's wrongful death statute provides that the deceased person's right of action passes to the decedent's surviving spouse. Tenn. Code Ann. § 20-5-106(a) (2009 & Supp. 2017). If the decedent has no surviving spouse, the right of action passes to the decedent's children or the decedent's next of kin. Kenneth Colbaugh

---

[1] This case refers to the Estate of Robert J. Leonard as a Defendant wherein the other matter lists Mr. Leonard personally. Mr. Leonard is deceased; so the difference in the style of the caption is not substantive.

5

possesses, maintains and has asserted the right to prosecute the action as surviving spouse as demonstrated by this case filing[2].

A wrongful death action in Tennessee is one indivisible right of action. *Kline v. Eyrich*, 69 S.W.3d 197, 207 (Tenn. 2002). Tennessee courts have repeatedly characterized the wrongful death statutes as providing for a "single, entire, and indivisible" right of action. *See, e.g.*, *Flax v.DaimlerChrysler Corp.*, 272 S.W.3d 521, 529 (Tenn. 2008) (quoting *Kline*, 69 S.W.3d at207) ("Although the living beneficiaries of the action may seek a limited recovery for their own losses in addition to those of the decedent, the right of action itself remains one that is 'single, entire[,] and indivisible.'"); *Est. of Smith*, 670 S.W.3d at 317 ("[T]he right of action in a wrongful death case remains one that is 'single, entire[,] and indivisible.'") (quotation omitted). "Stated another way, '[t]here can be but one cause of action for the wrongful death of another.'" *Id.* (quoting *Kline*, 69 S.W.3d at 207). "[M]ultiple actions may not be brought to resolve a single wrongful death claim." *Id.* at 318. "No matter how many suits parties may file to address an allegedly wrongful death, [Tennessee's wrongful death statutes] contemplate only one cause of action." *Swanson v. Peterson*, No. M1999-00241-COA-R3-CV, 2000 WL 48502, at *2 (Tenn. Ct. App. Jan. 21, 2000). For this reason, "two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible." *Id.*

---

[2] Mrs. Colbaugh's three minor children are also joined as Plaintiff's in this case.

Nathan Smith has the right to be joined in this case to recover for his claims; just as his three minor siblings are joined.  Rather than engage in divisive pleadings endeavoring to dismiss his claims in 1:24-cv-00104, all parties are best served by consolidation of the two cases; wherein all beneficiaries will be included as envisioned by the statutes governing wrongful death cases and caselaw interpreting same.

All other factors weigh in favor of consolidation. There is minimal risk of confusion or prejudice in consolidation. Consolidation imposes a minimal burden on parties, will conserve judicial resources, and save all parties involved time and money.

Wherefore, Plaintiffs request that this Honorable Court grant this Motion for Consolidation and consolidate case 1:24-cv-00104 into this case.  Notice of this filing is being filed simultaneously in case 1:24-cv-00104.

                                                     Respectfully Submitted,

Date: May 22, 2024                   OLIVER BELL GROUP

                                                     */s/ Alyson Oliver*_____
                                                     Alyson Oliver*
                                                     50 W. Big Beaver Road Ste. 200
                                                   Troy, MI 48084
                                                   (248) 327-6556
                                                   notifications@oliverlawgroup.com

SUMMERS, RUFOLO, &
RODGERS, P.C.
Jeffrey Rufolo
BPR No. 015013
Attorney for Plaintiffs
SUMMERS, RUFOLO, &
RODGERS, P.C.
735 Broad Street, Suite 800
Chattanooga, Tennessee 37402
Telephone: (423) 265-2385
Facsimile: (423) 266-5211


*Admitted Pro hac vice

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties that are CM/ECF participants in this action.

OLIVER BELL GROUP

By: /s/ Alyson Oliver
Alyson Oliver, MI State Bar # P55020
notifications@oliverlawgroup.com
50 W. Big Beaver Rd. Troy, MI 48084
T: (248) 327-6556