# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KENNETH ANDREW COLBAUGH, ) <br> Individually and as Surviving Spouse ) <br> of Tabitha Marie Colbaugh f/k/a ) <br> Tabitha Marie Smith, et. al. ) <br> ) <br> *Plaintiffs,* ) <br> vs. ) <br> ) <br> MEIGS COUNTY, et. al., ) <br> ) <br> *Defendants.* ) <br> _____ ) <br> ) <br> TABITHA MARIE SMITH (Deceased), ) <br> By and through her adult child ) <br> NATHAN ALEXANDER SMITH, *et. al.,* ) <br> ) <br> *Plaintiffs,* ) <br> vs. ) <br> ) <br> MEIGS COUNTY GOVERNMENT, *et. al.* ) <br> ) <br> *Defendants.* ) | CASE NO. 1-24-cv-151 <br><br> JURY DEMAND <br><br><br><br><br><br> CONSOLIDATED <br><br><br> CASE NO. 1:24-cv-104 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Nathan Alexander Smith ("Movant"), through counsel, hereby moves for an Order denying Plaintiff's Motion to Dismiss the Smith Motion to Intervene as Intervention is Now Moot [Doc. 23 of 1:24-cv-151 and Doc. 57 of 1:24-cv-104]. Under the Motion to Intervene [Doc. 17 in Case No. 1:24-cv-151], Nathan Smith ("Movant") seeks to intervene by right, or in the alternative, seeks permissive intervention on the grounds that he, along with his other minor siblings, possess the sole right to bring a wrongful death claim pursuant to T.C.A. §20-5-106. This issue is still ripe, and the Court must determine the proper parties who may bring the wrongful death claim.

The consolidation of two separate cases does not render moot the Motion to Intervene as each case, although consolidated, remains a separate and independent action. The Supreme Court recently articulated that "although [a consolidated] proceeding assumes the form of a joint suit, it is in reality a mere joinder of distinct causes of action by distinct parties, arising out of a common injury, and which are heard and determined, so far as the merits are concerned, the same as in the case of separate libels for each cause of action. Consolidation was 'allowed by the practice of the court for its convenience, and the saving of time and expense to the parties.'" *Hall v Hall*, 584 U.S. 59, 67-68 (2018)(citation omitted). In analyzing a separate case under its decision, the Court noted "although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct, and required separate verdicts and judgments; and no defendant could be deprived, without its consent, of any right material to its defence ... to which it would have been entitled if the cases had been tried separately." Id. (citing *Mutual Life Insurance Co. v. Hillmon,* 145 U.S. 285 (1892).

Even more on point, the Supreme Court in *Hall v. Hall* referenced the following case which involved a district court consolidated two separate cases for the purpose of forcing an intervention of the parties to those actions in an attempt to create only one action:

> And just five years before Rule 42(a) became law, we reiterated that, under the consolidation statute, consolidation did not result in the merger of constituent cases. *Johnson v. Manhattan R. Co.,* 289 U.S. 479, 496–497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). A major case of its day, *Johnson* arose from the "financial embarrassment" during the Great Depression of two companies involved in operating the New York subway system. *Johnson v. Manhattan R. Co.,* 61 F.2d 934, 936 (C.A.2 1932). In the resulting litigation, the District Court consolidated two suits, apparently with the intent to "effect an intervention of the parties to the [first suit] in the [second] suit"—in other words, to make the two suits one. *Id.,* at 940. Judge Learned Hand, writing for the Second Circuit on appeal, would have none of it: "consolidation does not merge the suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." *Ibid.* We affirmed, relying on *Hillmon* and several lower court cases reflecting the same understanding of consolidation. *Johnson,* 289 U.S., at 497, n. 8, 53 S.Ct. 721. We explained once more that "consolidation is permitted as a matter of convenience and

economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.,* at 496–497, 53 S.Ct. 721.

*Hall,* 584 U.S. at 70.

Accordingly, the mere consolidation of separate cases does not render a motion to intervene as moot based on the long-standing principal that consolidation only effects judicial economy while continuing to acknowledge the separate actions and individual claims brought by each party to the separate actions.

Submitted by,

| | |
|---|---|
| **THOMAS &THOMAS, LLC** | **ROBIN RUBEN FLORES** |
| By: /s/ *Michael M Thomas* | By: /s/ *Robin Ruben Flores* (with permission) |
| Michael M. Thomas (BPR No. 029423) | Robin Ruben Flores (BPR No. 20751) |
| W. Neil Thomas, III (BPR No. 4536) | 4110-A Brainerd Road |
| One Park Place | Chattanooga, TN 37411 |
| 6148 Lee Highway, Ste. 115 | Phone : 423.267.1575 |
| Chattanooga, Tennessee 37421 | Fax : 423.267.2703 |
| Phone : 423.910.9100 | robin@robinfloreslaw.com |
| Fax : 423.352-9585 | Co-Counsel for Plaintiff |
| mthomas@twtlawfirm.com | |
| Attorneys for Plaintiff | |

**CERTIFICATE OF SERVICE**

The undersigned attorney for Nathan Alexander Smith hereby certifies that true and exact copies of this motion have been filed and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

By: /s/ *Michael M. Thomas*