UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH ANDREW COLBAUGH, ) | |
| Individually and as Surviving Spouse ) | |
| of Tabitha Marie Colbaugh f/k/a ) | |
| Tabitha Marie Smith, et. al. ) | |
| ) | CASE NO. 1-24-cv-151 |
| *Plaintiffs,* ) | |
| vs. ) | JURY DEMAND |
| ) | |
| MEIGS COUNTY, et. al., ) | |
| ) | |
| *Defendants.* ) | |
| _____) | CONSOLIDATED |
| ) | |
| TABITHA MARIE SMITH (Deceased), ) | |
| By and through her adult child ) | |
| NATHAN ALEXANDER SMITH, *et. al.,* ) | CASE NO. 1:24-cv-104 |
| ) | |
| *Plaintiffs,* ) | |
| vs. ) | |
| ) | |
| MEIGS COUNTY GOVERNMENT, *et. al.* ) | |
| ) | |
| *Defendants.* ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION NOS. 28 AND 62**

Nathan Alexander Smith ("Movant"), through counsel, hereby responds to Colbaugh and Minor Children Plaintiffs' Motion for the Court to Order the Filing of the Consolidated Complaint, Appoint Lead Counsel, and Stay Briefing on Defendant Meigs County Tennessee Motion to Dismiss [Doc. 28 of 1:24-cv-151 and Doc. 62 of 1:24-cv-104]. The relief objected to in the instant motion is the ordering of a consolidated complaint and appointment of lead counsel. For the reasons set forth herein, the motion should be denied. Further, since it is apparent that this motion has been made without authority and partially in retaliation to the report filed by counsel for Nathan Smith with the Tennessee Board of Professional Responsibility, counsel should be admonished

not to file any more frivolous motions. That report relates to Michigan counsel's[1] potential violation of Rule 7.3, Tennessee Rules of Professional Conduct in which there was a concern that a Michigan attorney, with no apparent contacts in East Tennessee, retained her clients, through the apparent use of a private investigator, within the thirty day limitation period found under Rule 7.3 as it relates to wrongful death cases.

It should be noted that the instant motion was filed after Smith submitted his response to Colbaugh's Motion to Dismiss the Motion to Intervene which cited the controlling law on the instant motion. Smith respectfully requests this Honorable Court to set a hearing on Smith's Motion to Intervene to determine the rights of the parties and to prevent any further frivolous filings by Colbaugh.

## ARGUMENT

Not only is there no authority for the relief requested in the instant motion, all existing authority is directly contrary to the requested relief. By their motion, the Colbaugh Plaintiffs seek to supplant the Complaint filed by Smith and to effectively terminate Smith's counsel.

1. COLBAUGH'S IMPROPER ATTEMPT TO SUPPLANT THE PLEADINGS

The consolidation of two separate cases does not permit one action to supplant another separately filed action by requiring a consolidated complaint. Each case, although consolidated for discovery or trial, remains a separate and independent action. The Supreme Court recently articulated that "although [a consolidated] proceeding assumes the form of a joint suit, it is in reality a mere joinder of distinct causes of action by distinct parties, arising out of a common injury, and which are heard and determined, so far as the merits are concerned, the same as in the case of separate libels for each cause of action. Consolidation was 'allowed by the practice of the

---

[1] Pro Hac Vice Counsel for the Colbaugh Plaintiffs in Case No. 1:24-cv-151.

court for its convenience, and the saving of time and expense to the parties.'" *Hall v Hall*, 584 U.S. 59, 67-68 (2018)(citation omitted). In analyzing *Mutual Life Insurance Co. v. Hillmon,* 145 U.S. 285 (1892) in its decision in *Hall v. Hall*, the Court noted "although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct, and required separate verdicts and judgments; and no defendant could be deprived, without its consent, of any right material to its defence ... to which it would have been entitled if the cases had been tried separately." Id.

After discussing *Hillman,* supra, the Supreme Court in *Hall*, specifically held that the relief requested in his case is totally unwarranted:

> And just five years before Rule 42(a) became law, we reiterated that, under the consolidation statute, consolidation did not result in the merger of constituent cases. *Johnson v. Manhattan R. Co.,* 289 U.S. 479, 496–497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). A major case of its day, *Johnson* arose from the "financial embarrassment" during the Great Depression of two companies involved in operating the New York subway system. *Johnson v. Manhattan R. Co.,* 61 F.2d 934, 936 (C.A.2 1932). In the resulting litigation, the District Court consolidated two suits, apparently with the intent to "effect an intervention of the parties to the [first suit] in the [second] suit"—in other words, to make the two suits one. *Id.,* at 940. Judge Learned Hand, writing for the Second Circuit on appeal, would have none of it: "consolidation does not merge the suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." *Ibid.* We affirmed, relying on *Hillmon* and several lower court cases reflecting the same understanding of consolidation. *Johnson,* 289 U.S., at 497, n. 8, 53 S.Ct. 721. We explained once more that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.,* at 496–497, 53 S.Ct. 721.

*Hall,* 584 U.S. at 70.

Accordingly, the consolidation of separate cases does not permit one cause of action to replace a separate cause of action.

As stated previously in this brief, the determination of the proper parties permitted to bring a cause of action is paramount at this stage of the case. A Tennessee statute defines who may

bring a cause of action for wrongful death, and Smith has established a prima facie case that the surviving spouse, Kenneth Andrew Colbaugh, waived any right he may have possessed to bring a cause of action when he abandoned the marriage for more than two years. See Motion to Intervene, Doc. 28 of 1:24-cv-151. Based on the Colbaugh Plaintiffs' recent filings, Colbaugh and the other plaintiffs will continue to file their frivolous motions with no legal support in their attempt to terminate Smith's right to bring a cause of action for the wrongful death of his mother.

2. THIS COURT MUST DETERMINE THE PROPER PARTIES BEFORE THIS MOTION SHOULD BE HEARD

As previously discussed, Smith filed his Motion to Intervene on the grounds that Colbaugh lost any right he may have possessed to bring a cause of action on the grounds that he abandoned the marriage for more than two years. Smith acknowledges that Tennessee Courts disfavor separate causes of action in a wrongful death action. See *Beard v. Branson*, 528 S.W.3d 487 (Tenn. 2017)("Wrongful death statutes generally require one joint action for the benefit of all beneficiaries"). But, Tennessee Courts do acknowledge the equal right of each child to bring a cause of action for wrongful death so long as the cases are consolidated:

> Because the statute lacks "similar superiority language" regarding next of kin or parents, we explained, the statute does not give priority to one parent over another. *Id.* Thus, in the case of the father and mother at issue, given that neither had surrendered their rights to the child, "the wrongful death action passed to [them] equally." *Id.* "Because both Mother and Father had an equal right to participate" in the action,[7] we concluded that they "constitute[d] separate 'party plaintiff[s]' " for purposes of determining the number of peremptory challenges available. *Id.* "[U]nder the holding in *Beard*, the wrongful death action 'pass[ed] to' **both** Mother and Father as natural parents and next of kin of the infant and was asserted as their 'own right of action.' " *Id.* at 771 (quoting *Beard*, 528 S.W.3d at 502, 504). "Thus, while a wrongful death claim may be indivisible," we explained, "in the absence of statutory language giving one party dominance over another, the **parties** are *not one undivided entity* proceeding on behalf of the decedent or estate; rather, *each asserts the wrongful death claim on their own behalf.*" *Id.* (italicization added).

*Grose v. Stone*, 2024 WL 1796219 at 13 (Tenn. App. 2024):

Accordingly, if the surviving spouse lost his right to bring an action, no one child possesses superiority to bring the action, and each child may bring a claim on their own behalf under a single action, or otherwise consolidated into a single action.

On this ground, Smith does acknowledge that once the court finds that Colbaugh willfully withdrew from the marriage, consolidation of the actions will be necessary under the *Beard* and *Grose* cases. Alternatively, the court might be required to dismiss the Colbaugh action in its entirety and permit the minor children to intervene as parties to the Smith action filed before the Colbaugh Complaint,.a procedure that Smith will not oppose. Each child possesses the right to bring a claim under a single cause of action with their own choice of attorney to represent them in that action.

It is also worth considering that Colbaugh cannot avail himself of the Tennessee Supreme Court's holding in the *Beard* case on the grounds that to do so would lead to a necessary acknowledgement that he is not the proper party to this action. *Beard* and *Grose* necessitate a single cause of action when multiple parties possess the right to bring a cause of action. Colbaugh's claim that he possesses the sole right to bring a cause of action necessitates the filing of a Rule 24 Motion to Intervene followed by a dispositive pleading seeking to dismiss Smith's wrongful death claim. With that said, Smith availed himself of the right to file a a motion to intervene in order to file his Motion for Summary Judgment seeking to dismiss Colbaugh's claim for wrongful death.

<u>The Inappropriate Conflict of Counsel for Colbaugh and the Minor Children</u>

Colbaugh's inability to acknowledge the holding in *Beard*, and its progeny, gives rise to a much more concerning conflict of interest resulting from Michigan Counsel's representation of

both Colbaugh and the three minor children. The Tennessee Rules of Professional Conduct address this issue:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Tenn. Sup. Ct. R. 8, R.P.C. 1.7(a).

If Michigan counsel claims that Colbaugh possesses the right to bring the wrongful death action, she would be ignoring her duty to the children to challenge that right in order to obtain a greater recovery for the children. For if the court dismissed Colbaugh's claim, the minor children's potential award would be increased accordingly. Colbaugh's sole claim to the cause of action also prevents him from using *Beard* to consolidate the cases on the basis that he cannot claim the sole right to bring the claim for wrongful death and seek to consolidate the cases on the grounds that all claims must be brought under one action. Seeking the consolidation of actions under *Beard* and *Grose* would necessarily acknowledge Smith's right to bring a claim for wrongful death which the Tennessee wrongful death statute does not permit. The conflict will be further heightened after the court determines the proper parties to bring the wrongful death claim. If the court rules in favor of the children, Michigan counsel could be forced to appeal the decision. Any appeal of such decision would be adverse to the rights of the minor children on the grounds that Michigan counsel would be forced to argue that the minor children are not entitled to a full share of any

proceeds awarded in this action pursuant to his argument that the surviving spouse is entitled to his statutory share.

Conversely, the minor children have the right to challenge the surviving spouse's standing to bring the cause of action which has not occurred in the Colbaugh case. Michigan counsel cannot represent either party when filing such a pleading on the grounds that she cannot serve two masters whose interests do not align. Michigan counsel has the duty to maximize the recovery for each of her clients and protect their interests, and *Beard,* and its progeny, showcase this conflict and provide the court a possible reason why Colbaugh could not cite the Tennessee cases holding that the instant cases before the court must be consolidated into one action pursuant to *Beard* and *Grose*. Accordingly, the court may need to appoint a GAL to investigate the interests of the minor children to determine if there are being properly represented.

<u>The Court has the Authority to Appoint a Guardian ad Litem in this Instance</u>

The conflict of interest involving competing claims between Colbaugh and the minor children necessitates this Court's need to appoint an independant guardian *ad litem* for the minors. A federal court can appoint a guardian *ad litem*, as in this case when an attorney is representing both a minor and an adult with potentially conflicting interests. This is based on the principle that a guardian *ad litem* is appointed to ensure that the minor's interests are adequately represented, especially when there is a conflict of interest with the adult's claims.

"As a general rule, a federal court cannot appoint a guardian *ad litem* in an action in which the [minor] already is represented by someone who is considered appropriate under the law of the forum state." J.H. v. Williamson Cty., 2016 U.S. Dist. LEXIS 143380, at *4 (M.D. Tenn. Oct. 17, 2016). "However, when the minor's next friend ***refuses to act*** or the next friend's own interests conflict with those of the minor, '[c]ourts, both state and federal, always have had the

power to appoint special representatives under those circumstances.'" Id. See also Hoffert v. General Motors Corp., 656 F.2d 161, 164 (5th Cir. 1981) ("Courts have consistently recognized that they have inherent power to appoint a guardian *ad litem* when it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent.") (collecting cases). "This power fulfills the courts' obligation to protect the interests of minors." Id. A federal court may enter orders or appoint such guardians as is necessary for the protection of those interests. See Fed.R.Civ.P. 17(c); Noe v. True, 507 F.2d 9, 11 (6th Cir. 1974).

In the case at bar, an attorney from Michigan, with the assistance of an "investigator" located within Tennessee, signed up the Michigan attorney's present clients. Three are minors and one is a convicted felon who, as asserted by Plaintiff Smith, abandoned the marriage to the deceased years prior to her death. The claims of Colbaugh, as set forth *supra*, are obviously counter to the claims of the minor children as well as the adult child (Plaintiff Smith) in the instant action.

3. COUNSEL FOR COLBAUGH'S IMPROPER ATTEMPT TO TERMINATE SMITH'S ATTORNEYS

As an initial matter, Smith objects to any facts contained in Colbaugh's Motion relating to good faith discussions among counsel for the Plaintiffs pursuant to FRE, Rule 408 as Colbaugh improperly uses settlement discussions in support of their motion. After the initial filing of the two separate actions, counsel for the Plaintiffs met at Mr. Ruffalo's office to discuss settling the issues raised by each of the Plaintiffs. A good faith agreement was reached among the attorneys during this settlement discussion, subject to the ultimate approval by the individual parties represented by the attorneys. However, based on Michigan counsel's inability to follow the agreement, it is assumed that her client rejected the agreement. Therefore, any allegation involving counsel's failure to work together in good faith is incorrect and misleading to the court.

In seeking his counsel's appointment as lead counsel, Colbaugh cites no authority in which lead counsel may be appointed where there are two separate complaints filed by the children of the decedent who equally possess a right to bring an action for wrongful death. The selection of lead counsel in normally limited to multi-district litigation in which there is a large volume of cases in separate federal districts where committees are appointed, or an appointment may be made in class action lawsuits. Finally, the requested relief is contingent upon the consolidation of the complaints, and accordingly, this request must fail as no law exists permitting the supplanting of complaints by another in a consolidated action.

Submitted by,

**THOMAS &THOMAS, LLC**

By: /s/ *Michael M Thomas*
Michael M. Thomas  (BPR No. 029423)
W. Neil Thomas, III (BPR No. 4536)
One Park Place
6148 Lee Highway, Ste. 115
Chattanooga, Tennessee 37421
Phone : 423.910.9100
Fax : 423.352-9585
mthomas@twtlawfirm.com
Attorneys for Plaintiff

**ROBIN RUBEN FLORES**

By: /s/ *Robin Ruben Flores* (with permission)
Robin Ruben Flores (BPR No. 20751)
4110-A Brainerd Road
Chattanooga, TN 37411
Phone : 423.267.1575
Fax : 423.267.2703
robin@robinfloreslaw.com
Co-Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned attorney for Nathan Alexander Smith hereby certifies that true and exact copies of this motion have been filed and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

By: /s/ *Michael M. Thomas*