UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (Deceased), ) <br> (aka Tabitha Marie Colbaugh), ) <br> by and through her surviving children ) <br> NATHAN ALEXANDER SMITH, ) <br> JE through next friend JH, ) <br> NR through next friend SR, and ) <br> LC through next friend EH, ) <br> ) <br> and ) <br> ) <br> NATHAN ALEXANDER SMITH, ) <br> NR through next friend SR, ) <br> JE through next friend JH, and ) <br> LC through next friend EH, ) <br> (individually), ) <br> ) <br>           *Plaintiffs,* ) <br> vs. ) <br> ) <br> MEIGS COUNTY and ) <br> ESTATE OF ROBERT J. LEONARD (Deceased) ) <br> by and through Neal Pinkston as ) <br> Administrator *ad Litem*, ) <br> ) <br>           *Defendants.* ) | No. 1:24-CV-151-DCLC-CHS <br><br> **JURY DEMAND** |

### ANSWER OF THE ESTATE OF ROBERT J. LEONARD
### TO THIRD AMENDED COMPLAINT [DOC. 67]

COMES NOW, Defendant Estate of Robert J. Leonard (hereinafter referred to as "the Estate"), by and through undersigned counsel, Bryan H. Hoss, and hereby files this Answer to the Plaintiffs' Third Amended Complaint [Doc. 67] and Jury Demand. The Estate responds as follows:

### FIRST DEFENSE

The Estate responds to the Plaintiff's specific allegations in the Third Amended Complaint as follows:

## INTRODUCTION

1. Admitted only to the extent that the Complaint alleges various causes of action including 42 U.S.C. § 1983 and 1988.. All other allegations and inferences are denied.

2. Admitted only to the extent that the Complaint alleges various causes of action. All other allegations and inferences are denied.

3. Admitted only to the extent that the Complaint alleges various causes of action. All other allegations and inferences are denied.

## JURISDICTION AND VENUE

4. Admitted that this Court has jurisdiction over the alleged violations of federal law. All other allegations and inferences are denied.

5. Admitted that this Court has supplemental jurisdiction over the state law claims which were part of the same case or controversy pursuant to 28 U.S.C. § 1367.

6. Admitted only to the extent that the Complaint alleges loss of consortium claims. It is further admitted, like paragraph 5, that this Court has supplemental jurisdiction over the alleged state law claims which were part of the same case or controversy pursuant to 28 U.S.C. § 1367. All other allegations are denied.

7. Admitted.

## THE PARTIES

8. Admitted, however there are two (2) deceased individuals in this case. Both were residents of Meigs County, Tennessee.

9. Admitted only to the extent that Tabitha Marie Smith was survived by four (4) children whom upon information and belief, she did not have custody and were estranged, who are the named the Plaintiffs. All other allegations are denied.

10. Based upon information provided by Plaintiffs' attorneys, the allegations are admitted.

2

11. Admitted only to the extent that the Plaintiff minor children most likely have legal guardians. Defendant reserves the right to conduct discovery on this issue. All other allegations are denied.

12. Admitted that the four (4) children have standing, however claims for loss of consortium under Tennessee law filed by adult children have a different evidentiary burden than claims filed by minor children. All other allegations are denied.

13. Admitted.

14. Admitted only to the extent that Meigs County created and has a duty to maintain the Meigs County Sheriff's Office. All other allegations are denied.

15. It is unknown whether the County provides rules and regulations or the Sheriff's Office provides rules and regulations. Therefore, the allegations are denied as written.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted. However, on or about December 11, 2024, Bryan Hoss was substituted as counsel for the Estate of Robert Leonard and was ordered to accept service of process for any legal action filed against the Estate.

22. Denied. On December 11, 2024, Bryan Hoss was substituted as counsel for the Estate of Robert Leonard. Bryan Hoss acknowledges receipt and service of process for the Third Amended Complaint.

23. Admitted only to the extent that the Complaint alleges causes of action against the Estate of Robert Leonard. Mr. Leonard is deceased. All other allegations are denied.

3

## FACTUAL BASIS-THE ROADWAY

24. Admitted.

25. Admitted only to the extent that Blythe Ferry Lane is a two-lane asphalt roadway. Defendant is without sufficient information and knowledge to admit or deny whether the road had streetlights or other lighted signals. All other allegations are denied.

26. Admitted only to the extent that Blythe Ferry Lane is a two-lane asphalt road. Defendant is without sufficient information and knowledge to admit or deny whether the road had shoulders, the orientation of the roadway, east/west traffic, or whether there was a double yellow centerline. All other allegations are denied.

27. Admitted.

28. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 28. Therefore, the allegations are denied.

29. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 29. Therefore, the allegations are denied.

30. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 30 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

31. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 31 and there is no citation to when or where these measurements were determined. Therefore, the allegations are denied.

32. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 32 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

33. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 33 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

34. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 34 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

35. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 35 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

36. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 36 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

37. Admitted that there were no gates to prevent motorists from driving into the river. Defendant is without sufficient information and knowledge to admit or deny the other allegations in paragraph 37. Therefore, the allegations are denied.

## FACTUAL BASIS-THE INCIDENT

38. Admitted.

39. Admitted that Leonard was called the scene of a man who attempted to walk out in front of a passing vehicle on the Highway 60 bridge during a dark and rainy night with low visibility which posed a danger to the person, drivers and vehicles in that area. Meigs County Dispatch advised Leonard that the man "was jumping into traffic." All other allegations and inferences are denied.

40. Admitted.

5

41. Admitted only to the extent that Robert Leonard drove quickly towards the Highway 60 bridge. Defendant is without sufficient information and knowledge to admit or deny the other allegations in paragraph 41. Therefore, the remaining allegations are denied.

42. Admitted only to the extent that Robert Leonard arrived at the Highway 60 bridge in or around 9:48 p.m. All other allegations are denied.

42. **(Duplicate Paragraph Number in 3rd Amended Complaint).** Admitted.

43. Admitted only to the extent that Robert Leonard lawfully placed Tabitha Smith in custody, handcuffed her per policy, reported to dispatch and headed along the best and what he believed to be the quickest route to the Meigs County Jail. All other allegations are denied.

44. Admitted only to the extent that the only other Meigs County Deputy on patrol on this evening was Ben Christian who messaged or texted Leonard that Tabitha Smith "was an habitual meth/fentanyl user." All other allegations are denied.

45. Admitted only to the extent that Robert Leonard's GPS device, if accurate, indicated that he traveled at speeds up to 56 mph and that he hit the water at approximately 44 mph. Defendant is without sufficient information and knowledge to admit whether the GPS data is accurate. All other allegations are denied.

46. Admitted that Robert Leonard texted his wife "arrest." Defendant is without sufficient information and knowledge to admit whether the GPS data or the time of the GPS data is accurate. Further, the time in which Leonard texted his wife appear to be dependent on cell phone service which could delay the times of when the text was sent and/or received. All other allegations are denied.

47. Denied to the extent that paragraph 47 alleges that Robert Leonard violated either T.C.A. § 55-8-199 or 55-19-203 or that those statutes apply to Leonard while on duty for the Meigs County Sheriff's Office.

48. Admitted only to the extent that law enforcement authorities found Leonard's patrol car upside down in the Tennessee River. All other allegations are denied.

49. Admitted.

50. Admitted.

51. Denied.

52. Denied.

53. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 53. Therefore, the allegations are denied.

54. Omitted. There is no paragraph 54, so no response is necessary.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 59. Therefore, the allegations are denied.

60. Admitted only to the extent that Tabitha Smith has approximately twenty-five (25) arrests in Meigs County Jail and most likely would know where the Meigs County Jail was located, however Smith was under the influence of methamphetamine and marijuana at the time of her death which would or could influence her actions, demeanor, and affect. All other allegations are denied.

61. Denied.

62. Denied.

7

# COUNT ONE:

## DEPRIVATION OF LIBERTY INTEREST AND BODILY INTEGRITY
## (FOURTEENTH AMENDMENT)

## VIOLATION OF CIVIL RIGHTS UNDER
## COLOR OF LAW 42 U.S.C. § 1983

63. Denied.

64. Admitted only to the extent that Robert Leonard lawfully arrested Tabith Smith based upon probable cause that she was or had committed a criminal offense and placed her in handcuffs and in the back of his patrol car to transport her to the Meigs County Jail per Meigs County's rules, regulations and protocols. All other allegations are denied.

65. Admitted only to the extent that a prisoner who is secured in lawful custody of law enforcement, relies on law enforcement to safely and properly transport them. All other allegations are denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

8

## COUNT TWO:

### FAILURE TO PROTECT
### (FOURTEENTH AMENDMENT)

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. § 1983

75. Denied.

76. Admitted.

77. Admitted only to the extent that Robert Leonard lawfully arrested Tabitha Smith for violation(s) of state law, placed her in handcuffs, and put her in the rear of his patrol car per the Meigs County rules, regulations and protocols. Such actions constitute a lawful detention and arrest of Tabitha Smith. All other allegations or inferences are denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted only to the extent that Robert Leonard, at all relevant times, was responsible for safely transporting Tabitha Smith to the Meigs County Jail following her arrest. All other allegations are denied.

82. Denied.

83. Admitted that Meigs County has a constitutional obligation to protect their pre-trial detainees. It is specifically denied that Leonard treated Smith with "unnecessary rigor" as contemplated by the Tennessee Constitution. All other allegations are denied.

84. Denied.

85. Denied.

86. Admitted that Robert Leonard was acting under color of law at all relevant times. All other allegations are denied.

## COUNT THREE:

### WRONGFUL DEATH—TENN. CODE ANN. § 20-5-106
### (TENNESSEE STATE CLAIM)

87. Denied.

88. Admitted only to the extent that as a law enforcement officer, Robert Leonard, who had lawfully arrested Tabitha Smith, handcuffed her, and placed her in the rear of his patrol car had a duty to safely transport Tabitha Smith under the Eighth Amendment. All other allegations in paragraph 88 are denied.

89. Denied.

90. Defendant is without sufficient information and belief to respond to Meigs County's immunity. Therefore, those allegations are denied.

91. Denied.

## COUNT FOUR:

### BATTERY AND ASSAULT CLAIMS
### TENNESSEE COMMON LAW CLAIM

92. Denied.

93. Denied.

94. Admitted only to the extent that Robert Leonard had no reason to drive Tabitha Smith into the Tennessee River. Defendant denies that such conduct constitutes "an unlawful touching," "battery," or "assault." All other allegations are denied.

95. Denied.

96. Admitted only to the extent that at all relevant times, Robert Leonard was acting under color of law and within the scope of his employment with the Meigs County Sheriff's Office. All other allegations are denied.

## COUNT FIVE:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### TENNESSEE COMMON LAW CLAIM

97. Denied.

98. Denied.

99. Admitted only to the extent that Tabitha Smith suffered the loss of her life while handcuffed in the rear of the patrol car. All other allegations are denied.

100. Admitted only to the extent that at all relevant times, Robert Leonard was acting under color of law and within the scope of his employment with the Meigs County Sheriff's Office. All other allegations are denied.

## COUNT SIX:

### GROSS NEGLIGENCE
### TENNESSEE COMMON LAW CLAIM

101. Denied.

102. Admitted only to the extent that Robert Leonard, as a Meigs County Sheriff's Officer, had a duty to safely transport Tabitha Smith from harm after lawfully arresting her, handcuffing her, and placing her in the rear of his patrol car. It is further admitted that Tabitha Smith died while handcuffed in the back of the patrol car. All other allegations are denied.

103. Denied.

104. Admitted only to the extent that at all relevant times, Robert Leonard was acting under color of law and within the scope of his employment with the Meigs County Sheriff's Office. All other allegations are denied.

105. Denied.

106. Denied.

107. Denied.

## COUNT SEVEN:

### NEGLIGENCE
### TENNESSEE COMMON LAW CLAIM

108. Denied.

109. Admitted only to the extent that Meigs County has a duty to maintain bridges and roads in Meigs County, Tennessee. All other allegations and inferences are denied.

110. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 110. Therefore, those allegations are denied.

111. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 111. Therefore, those allegations are denied.

112. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 112. Therefore, those allegations are denied.

113. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 113. Therefore, those allegations are denied.

## COUNT EIGHT:

### LOSS OF CONSORTIUM
### TENNESSEE COMMON LAW CLAIM

114. Denied.

115. Admitted only to the extent that Robert Leonard, as a Meigs County Sheriff's Officer, had a duty to safely transport Tabitha Smith after lawfully arresting her, handcuffing her, and placing her in the rear of his patrol car. It is further admitted that Tabitha Smith died while handcuffed in the back of the patrol car. All other allegations and inferences are denied.

116. Admitted only to the extent that Tabitha Smith was the mother of four (4) children whom she did not have custody and was estranged due to her methamphetamine and drug addiction. Upon information and deposition testimony provided to date, Tabitha Smith did not enjoy a normal or typical

relationship with her children nor did she provide for them financially. The Defendant reserves the right to conduct additional discovery as to the extent of these relationships and whether the children of Tabitha Smith had any meaningful relationship with their mother. Therefore, these allegations are denied.

117. Defendant is without sufficient information and belief to respond to Meigs County's immunity. Therefore, those allegations are denied.

## COUNT NINE:

### TENN. CODE ANN. § 8-8-302
### TENNESSEE STATE LAW CLAIM

118. Denied.

119. Admitted only to the extent that at all relevant times, Robert Leonard was an employee of the Meigs County Sheriff's Office and acting within the course and scope of his employment. All other allegations and inferences are denied.

120. Denied.

121. Denied.

122. Admitted only to the extent that Robert Leonard, as an employee of the Meigs County Sheriff's Office, had a duty to safely transport Tabitha Smith. All other allegations and inferences are denied.

123. Denied.

124. Denied.

## DAMAGES

130. (Note, Paragraphs 125-129 have been Omitted). Denied.

131. Denied.

And Now, having fully responded to the specific allegations in the Third Amended Complaint, the Estate of Robert Leonard asserts the following Affirmative Defenses:

13

## SECOND DEFENSE

The Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Estate of Robert Leonard relies upon the defense of qualified immunity as a police officer of the Meigs County Sheriff's Office as he did not violate the Plaintiff's constitutional rights and was acting pursuant to a duty enacted by the laws of Meigs County and the State of Tennessee.

## FOURTH DEFENSE

At all material times, the Estate of Robert Leonard was justified in his actions under Tennessee Law pursuant to the following:

A. T.C.A. § 39-11-601 – Justification;

B. T.C.A. § 39-11-609 – Necessity;

C. T.C.A. § 39-11-610 – Public Duty;

G. T.C.A. § 39-11-622 – Use of Force, Civil Immunity;

## FIFTH DEFENSE

To the extent that Plaintiffs aver or allege any cause of action under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 *et seq.*, the Estate of Robert Leonard relies upon the terms, limitations, immunities and defenses contained in T.C.A. § 29-20-101 *et seq.*, § 29-20-111 and § 29-20-205.

## SIXTH DEFENSE

The Estate of Robert Leonard relies on T.C.A. § 55-8-108, "Emergency Vehicles," which authorize Robert Leonard as a police officer to exceed speed limits and disregard certain traffic regulations while responding to the scene of an incident.

## SEVENTH DEFENSE

The Estate of Robert Leonard denies that she violated Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, 1985 and 1988 in any actions taken towards the Plaintiff.

**WHEREFORE PREMISES CONSIDERED**, the Estate of Robert Leonard prays for the following:

1. That Jury be empaneled to determine the issues herein;

2. That this Complaint be dismissed with prejudice and all costs, both discretionary and non-discretionary be awarded in favor of the Estate;

3. That the Estate of Robert Leonard be awarded his reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988 and T.C.A. § 29-20-113.

Respectfully Submitted,

**DAVIS & HOSS, P.C.**

s/Bryan H. Hoss
Bryan H. Hoss, BPR #021529
Edith Logan Davis, BPR# 038138
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687 – fax
*Attorneys for Estate of Robert J. Leonard*

15

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

THOMAS & THOMAS
W. Neil Thomas, III
Michael Mason Thomas
6148 Lee Highway, Suite 115
Chattanooga, TN 37363
wnthomas@twtlawfirm.com
mthomas@twtlawfirm.com
*Attorneys for Plaintiff*

FLORES LAW OFFICE
Robin R. Flores
4110 Brainerd Road, Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com
*Attorney for Plaintiff*

SUMMER, RUFOLO & RODGERS, P.C.
Jeffrey W. Rufolo
735 Broad Street, Suite 800
Chattanooga, TN 37402
jrufolo@summersfirm.com
*Attorneys for Plaintiff*

OLIVER BELL GROUP
Alyson Oliver
50 W. Big Beaver Road, Suite 200
Troy, MI 48084
Notifications@olivergroup.com
*Attorneys for Plaintiff*

MICHEL & WARD, P.C.
Alix Michel
David J. Ward
735 Broad Street, Suite 406
Chattanooga, TN 37402
alix@michelandward.com
david@michelandward.com
*Attorneys for Meigs County Government*

This the __5th__ day of February 2025.

/s/Bryan H. Hoss
**BRYAN H. HOSS**