UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (Deceased) § <br> (aka Tabatha Marie Colbaugh), § <br> by and through her surviving children § <br> NATHAN ALEXANDER SMITH, § <br> JE through next friend JH, § <br> NR through next friend SR, and § <br> LC through next friend EH, § <br> § <br> and § <br> § <br> NATHAN ALEXANDER SMITH, § <br> NR through next friend SR, § <br> JE through next friend JH, § <br> and § <br> LC through next friend EH, § <br> (individually), § <br> § <br> *Plaintiffs,* § <br> § <br> ~v~ § <br> § <br> MEIGS COUNTY, and § <br> § <br> ESTATE OF ROBERT J. LEONARD (Deceased), § <br> by and through Neal Pinkston as § <br> Administrator *ad Litem*, § <br> § <br> *Defendants.* § | No. 1:24-cv-151-DCLC-CHS <br><br> JURY DEMANDED |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs and Defendants hereby jointly submit this Rule 26(f) report and discovery plan. The Parties met and conferred on March 28, 2025.

~ 1 ~

## PARTIES

Plaintiffs: TABITHA MARIE SMITH (Deceased)(aka Tabatha Marie Colbaugh), by and through her surviving children, NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH.

Defendants: MEIGS COUNTY, and ESTATE OF ROBERT J. LEONARD (Deceased), by and through Neal Pinkston[1] as Administrator *ad Litem*.

In attendance at the parties' Rule 26(f) conference were: Alyson Oliver and Robin Flores for Plaintiffs, and Alix Michel and David Ward for Meigs County, and Bryan Hoss for the Estate of Robert J. Leonard for Defendants.

## STATEMENT OF THE CASE

### Summary of the Plaintiffs' Claims:

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to Deceased by the Fourteenth Amendment to the United States Constitution by the Defendants[2], as well as attendant state law claims of wrongful death, assault and battery, intentional infliction of emotional distress, gross negligence, negligence, loss of consortium, and violation of Tenn. Code Ann. §8-8-302. These claims arose from the wrongful death of the Deceased while the Deceased was in the custody of the Defendants and for the Plaintiffs for their loss of consortium which the Plaintiffs allege result from the grisly death of their mother, the Deceased. Specifically, while Ms. Smith was restrained in handcuffs in the back

---

[1] The Administrator Ad Litem has changed to Bryan Hoss, who is joined herein. The parties will file a joint motion to correct the caption.

[2] For the purposes of this Complaint, Defendant Estate of Robert J. Leonard is asserted to be liable for the wrongful actions of Robert J. Leonard ("Leonard"), also deceased.

of Officer Leonard's police car, Plaintiffs allege the newly branded officer sped down a small rural road and into the Tennessee river while texting and Facebook messaging from his vehicle that did not have working speedometers, odometers, or navigational equipment, straight into the Tennessee river killing Ms. Smith by drowning her while she was in police custody.

**<u>Summary of the Defendants' Defenses</u>**:

<u>Defendants deny the Plaintiffs' version of events and also deny that any constitutional violations occurred herein.</u> Defendants submit that the issue presented herein is whether simple negligence occurred during the transport of Decedent. Defendant Meigs County alleges that the Sheriff's Department received numerous telephone calls from citizens regarding Decedent TABITHA MARIE SMITH (aka Tabatha Marie Colbaugh) dodging in and out of traffic upon the Highway 60 bridge in Meigs County. Defendant Robert J. Leonard, a police officer employed by the Meigs County Sheriff's office, was dispatched to investigate, and upon arrival, did indeed find Tabitha Marie Smith upon the Highway 60 bridge where he lawfully arrested her and took her into custody.

Upon his return to the Sheriff's Department, Officer Leonard took an incorrect turn, and the vehicle in which he and Tabitha Marie Smith were in entered the Tennessee river, where each expired.

As an initial matter, Meigs County has asserted governmental immunity. An entity such as Meigs County retains governmental immunity where injuries arise out of "[t]he exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused. Tenn. Code Ann. §29-20-205(1) In the instant case, the Plaintiffs' Complaint alleges negligent supervision and training by Meigs County. Tennessee District Courts have

consistently held that the screening, hiring, training, and supervision of officers "clearly" falls within the discretionary exception. Those claims are subject to a Motion to Dismiss. (DOC. 73.)

Meigs County has also asserted that the conduct alleged in Plaintiffs' Third Amended Complaint does not rise to the level of a constitutional violation under 42 U.S.C. §§ 1983 and 1988, and those claims are subject to a Motion to Dismiss. (Id.)

In addition, as the gravamen of Plaintiffs' claims are for a United States constitutional violation, each of the Plaintiffs' state law claims are barred by the "civil rights" <u>exception found in</u> section Tenn. Code Ann. §29-20-205(2). The TGTLA provides immunity to governmental entities for certain claims, including those arising out of "civil rights" violations, which encompass claims under 42 U.S.C. §1983. Specifically, T.C.A. §29-20-205 retains immunity for governmental entities in cases involving civil rights claims, effectively barring such claims under the TGTLA. Courts have consistently interpreted this provision to mean that civil rights claims, including those under § 1983, are barred by the governmental entity's retained immunity, and those claims are subject to a Motion to Dismiss. (Id.)

Lastly, punitive damages are not recoverable from a municipality under §1983 or under the GTLA, and that claim is subject to a Motion to Dismiss. (Id.)

**Summary of Factual Stipulations or Agreements**: 1) Tabitha Smith was in the custody of Officer Leonard at the time she died; 2) Tabitha Smith was handcuffed in the back of Officer Leonard's car when he drove the car into the Tennessee river; 3) Officer Leonard sent a text to his wife after taking Tabitha Smith into custody.

**Statement of Jury Demand**:

Plaintiffs have demanded a jury trial.

**SETTLEMENT AND ADR**

The parties have engaged in settlement discussions. Defendants have offered $300,000.00 to resolve this case. The parties generally agree to go to mediation, but Defendants have asserted that the only claim to be resolved by the jury is whether simple negligence occurred herein (See DOC 73), and Defendants allege said claim would be governed by the Tennessee state law GTLA cap of $300,000.

**INITIAL DISCLOSURES**

Plaintiffs believe that no changes need to be made to the timing, form, or requirement for initial disclosures under Rule 26(a)(1).

Defendants believe that, with the recent separate lawsuit filed by the Plaintiffs against Garmin, the parties should exchange initial disclosures by April 28, 2025.

**SUBJECTS FOR DISCOVERY**

1. Policies and procedures of Meigs County Sheriff Department.

2. Application, personnel, discipline, internal and external training documents and background checks relative to Officer Leonard (subject to the entry of appropriate protective orders, redactions of private information, and, the resolution of any objections/redactions raised in responses).

3. Documents regarding all persons Defendants claim trained Officer Leonard in any manner or method, including but not limited to time records, dispatch records and personnel, discipline and training documents relative to such persons. (subject to the entry of appropriate protective orders, redaction of private information, and, the resolution of any objections/redactions raised in response to said request).

4. Arrest and booking records for any person that Officer Leonard arrested or booked. (subject to the entry of appropriate protective orders, redaction of private information, and, the resolution of any objections/redactions raised in response to said request).

5. Plaintiffs seek text and facebook messages between Officer Leonard and others subject to certain objections and privileges which may exist within one week of Ms. Smith's death. Defendants do not agree that this is a topic for discovery.

6. Documents regarding efforts to fully staff Meigs County Sheriff Department within six months of Ms. Smith's death. Defendants do not agree that this is a topic for discovery.

7. Documents regarding Meigs County Sheriff's Department's allowance of officers to be at home during hours of duty.

8. Inspection of Officer Leonard's vehicle, cell phone and personal navigational device.

9. Dispatch records for three months prior to Ms. Smith's death (subject to the entry of appropriate protective orders, redaction of private information, and, the resolution of any objections/redactions raised in response to said request).

10. Documents regarding Meigs County Sheriff's Department radio and dispatch equipment and inspection of same,

11. Documents regarding cell phone dead zones.

12. Depositions of all persons who may have relevant information regarding the discovery topics or any fact that may lead to relevant evidence in this case.

13. Arrest and booking records for Tabitha Marie Smith.

14. Defendants seek unrestricted text and facebook messages between members of Decedent's family. Plaintiffs object to same.

15. Defendants seek unrestricted depositions of members of Decedent's family. Plaintiffs object to same.

16. Prior criminal records of the Decedent and any Plaintiff.

17. Depositions of Garmin employees.

18. Autopsy of Tabitha Marie Smith.

19. Autopsy of Officer Leonard.

20. The parties reserve the right to pursue discovery on other issues as permitted under the Federal Rules of Civil Procedure and this Court's Local Rules.

**DISCOVERY DEADLINES**

1. Plaintiffs believe that all fact discovery must be complete by December 31, 2025. Defendants believe all discovery, including expert discovery, must be completed by August 15, 2026.

**EXPERT DISCOVERY**

The Parties propose that following schedule for expert discovery:

1. Plaintiffs anticipate calling experts in the fields of engineering, mapping, data analysis, corrections - including but not limited to - police training and transport of individuals in custody, forensic pathology, radio frequency and telecommunications. Defendant anticipates calling experts in the fields of engineering, mapping, data analysis, law enforcement, forensic

~ 7 ~

Case 1:24-cv-00151-DCLC-CHS   Document 88   Filed 03/31/25   Page 7 of 11
PageID #: 956

pathology, radio frequency and telecommunications, and, experts to counter any experts identified by the Plaintiffs, including any pecuniary damage experts.

2. The parties do not agree on an expert schedule:

    Plaintiff's suggest the following schedule:

    a. Initial expert reports on or before August 30, 2025

    b. Disclosure of rebuttal experts on or before September 15, 2025

    c. Rebuttal expert reports on or before October 31, 2025

    d. Depositions of initial expert witnesses on or before November 29, 2025

    e. Depositions of rebuttal expert witnesses on or before December 31, 2025

    Defendant's suggest the following schedule:

    a. Plaintiff's Initial disclosure of any expert who may testify at trial, in accordance with Fed R. Civ P 26(a)(2)(B)(C) shall be made on or before April 30, 2026

    b. Defendants Initial disclosure of any expert who may testify at trial, in accordance with Fed R. Civ P 26(a)(2)(B)(C) shall be made on or before May 29, 2026

    c. Parties shall disclose rebuttal experts no later than June 15, 2026.

d. All discovery, including expert discovery, must be completed by August 15, 2026.

**ELECTRONICALLY STORED INFORMATION (ESI)**

The parties have discussed the preservation, collection, and production of ESI, including the form in which it should be produced. The parties agree that ESI will be produced in native format and mutually oppose rolling productions. The parties have not identified any issues at this time with preserving information. Plaintiffs suggest the following, and Defendants have not agreed to: 1) each party to share their own expenses for collecting, processing and producing ESI; 2) the date range for searching ESI is January 1, 2024 – March 8, 2024; 3) the parties to develop a mutually acceptable list of search terms and phrases.

**MOTIONS**

1. Plaintiffs propose the following: a) All motions to join parties must be filed on or before April 15, 2025; b) All motions to amend pleadings must be filed on or before April 15, 2025; c) All discovery motions must be filed on or before January 31, 2026; d) All dispositive motions must be filed on or before January 31, 2026; e) All Expert witness and Daubert motions must be filed by January 31, 2026.

2. Defendants propose the following: a) All motions to join parties must be filed on or before June 20, 2025; b) All motions to amend pleadings must be filed on or before June 30, 2025; c) All discovery motions must be filed on or before January 31, 2026; d) All dispositive motions must be filed on or before October 1, 2026; e) Expert witness and Daubert motions must be filed similarly.

**PRETRIAL EXCHANGES**

All trial exhibits, witness lists, and deposition extracts to be used at trial must be exchanged thirty days before the pre-trial conference. Responses or oppositions to these submissions must be exchanged ten days before the pre-trial conference.

Plaintiffs believe that all trial motions in limine must be filed on or before February 28, 2026 and that responses or oppositions must be filed on or before March 31, 2026.

Defendants believe that all trial motions in limine must be filed on or before December 1, 2026. Responses or oppositions must be filed on or before January 5, 2027.

**TRIAL**

Plaintiffs believe that the parties will be ready for jury trial on April 21, 2026, and that it is expected to last 5 days. Defendants believe that the parties will be ready for jury trial on anytime commencing February 1, 2027, and it is expected to last 5 days. The parties request a pretrial conference prior to trial.

Respectfully submitted this 31st day of March, 2025,

By: /s/ *Robin Ruben Flores*     /s/ *Alyson Oliver*
**ROBIN RUBEN FLORES**     **OLIVER BELL GROUP**
**TENN. BPR #20751**     ***admitted pro hac vice**
**GA. STATE BAR #200745**     **Attorney for NR, JE and LC**
Attorney for Plaintiff Nathan Smith     50 W. Big Beaver Road Ste. 200
4110-A Brainerd Road     Troy, MI 48084
Chattanooga, TN 37411     O: (248) 327-6556
O: (423) 267-1575     F: (248) 416-3047
F: (423) 267-2703     notifications@oliverlawgroup.com
robin@robinfloreslaw.com

| | |
|---|---|
| THOMAS & THOMAS, LLC | SUMMERS, RUFOLO & RODGERS, P.C. |
| By: /s/ *W. Neil Thomas* | By: /s/ *Jeffery Rufolo* |
| **W. NEIL THOMAS** | **TENN. BPR #15013** |
| **TENN. BPR #004536** | Attorneys for Plaintiffs NR, JE and LC |
| **MICHAEL THOMAS** | 735 Broad Street, Suite 800 |
| **TENN. BPR #29423** | Chattanooga, TN 37402 |
| Attorneys for Plaintiff Nathan Smith | O: (423) 265-2385 |
| 6148 Lee Highway, Suite 115 | jrufolo@summersfirm.com |
| Chattanooga, TN 37421 | |
| O: (423) 910-9100 | |
| F: (423) 356-3082 | |
| wnthomas@twtlawfirm.com | |
| | |
| DAVIS & HOSS | MICHEL & WARD |
| By: /s/ *Bryan Hoss* | By: /s/ *Alex Michel* |
| Attorneys for Estate of Leonard | Attorneys for Meigs County |
| **TENN. BPR #21529** | **TENN. BPR #24243** |
| 850 Fortwood Street | 735 Broad Street |
| Chattanooga, TN 37403 | Chattanooga, TN 37402 |
| O: (423) 266-0605 | O: (423) 602-9521 |
| bryan@davis-hoss.com | alix@michelandward.com |