UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (Deceased) ) <br> (aka Tabatha Marie Colbaugh), by and through ) <br> her surviving children NATHAN ALEXANDER ) <br> SMITH, JE through next friend JH, NR through ) <br> next friend SR, and LC through next friend EH, ) <br> ) <br> and ) <br> ) <br> NATHAN ALEXANDER SMITH, ) <br> NR through next friend SR, ) <br> JE through next friend JH, ) <br> and LC through next friend EH, (individually) ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MEIGS COUNTY, and ESTATE OF ROBERT J. ) <br> LEONARD (Deceased), by and through ) <br> Neal Pinkston as Administrator *ad Litem*, ) <br> ) <br> Defendants, ) | No. 1:24-cv-151-DCLC-CHS <br> JURY DEMANDED |

## AGREED PROTECTIVE ORDER REGARDING PRODUCTION OF RECORDS

This matter is before the Court upon the parties' Joint Motion for Agreed Protective Order [Doc. 117]. By agreement of the parties, and for good cause shown, it is hereby **ORDERED** that the referenced motion [Doc. 117] is **GRANTED**, and this Agreed Protective Order shall control the production/exchange of certain information, communications and documents produced in this matter, as follows:

1. **Scope.** the following shall be treated as *Confidential*. Records of which public disclosure could undermine the safety and security of law enforcement officials and records

containing personal identifiable information of people not party to these proceedings including, but not limited to:

    a. 911 CAD records;

    b. recorded calls/dispatch communications;[1] and

    c. Excel spreadsheets containing information regarding motor vehicle accidents involving members of the Meigs County Sheriff's Department and/or related insurance information.

    2.    For purposes of this PROTECTIVE ORDER, "**Confidential**" means the documents specifically enumerated in paragraph 1(a)–(c) above and any other documents agreed to by the parties during the pendency of this litigation. Any such information obtained by any party to this litigation shall be immediately recognized as "**Confidential**", held as such, and not disclosed to any person or entity except:

    (1)    Plaintiffs;
    (2)    Plaintiffs' counsel;
    (3)    Plaintiffs' counsel's staff;
    (4)    Defendants;
    (5)    Defendants' counsel;
    (6)    Defendants' counsel's staff;
    (7)    Associated counsel who assist with the preparation or trial of the case;
    (8)    Experts and consultants retained by Plaintiffs or by Defendants in this matter;
    (9)    The Court, Court's staff, witnesses at any deposition, hearing or trial, and Jury; and
    (10)    Mediator(s) in this matter.

This obligation of non-disclosure shall apply to all information identified above as **Confidential**.

---

[1] This general designation of documents is without waiver of Defendant MEIGS COUNTY's assertion that the scope of any response to a specific discovery request and response be subject to appropriate redactions (for example, health, financial, "identifying" or personal information, and any other information permitted for redaction under Federal & Tennessee law).

3. The parties and their attorneys shall furnish any experts and consultants a copy of this Protective Order (if applicable) and caution the experts and consultants to abide by the terms contained in this Protective Order.

4. **Confidential information obtained in this litigation shall be used for the purposes of this lawsuit only and the parties expressly agree such information shall not be disseminated outside this litigation absent a separate Court order addressing the relevancy of same and any privacy issues related thereto.**

5. The parties shall identify the materials, information, communications and documents that this Order specifically applies to by designating same as CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER upon production.

6. **Nothing in this Protective Order shall be deemed a waiver of any party's right to (a) oppose discovery on grounds other than that the information sought constitutes or contains Confidential information; or (b) object on any grounds to the admission of evidence at the trial of this action, of any Confidential information based on other grounds; or (c) redact financial and/or privacy information from a document (\*\*\*\* with any redactions remaining subject to further review by the Court if the parties deem necessary)**.

7. Upon the completion of the trial and appeals, if any, or the satisfaction of any judgment, or upon conclusion of any settlement (if any), the parties and their attorneys (including any associated counsel), and their consulting and designated expert witnesses shall maintain/preserve the confidentiality of all information which had been designated as Confidential in this litigation.

8. All information designated as Confidential shall be treated as confidential pursuant to the terms of this Protective Order until further Order of this Court, unless otherwise stipulated or agreed by the parties.

9. Nothing herein shall prevent the parties from using the Confidential and/or Private Information in connection with any trial, hearing, or public proceeding *in this matter*, or from seeking further protection with respect to the use of any such Confidential information in connection with such trial, hearing, or public proceeding *in this matter*.

**SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE