**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA**

| | | |
|---|---|---|
| TABITHA MARIE SMITH (Deceased) | § | |
| (aka Tabatha Marie Colbaugh), | § | |
| by and through her surviving children | § | |
| NATHAN ALEXANDER SMITH, | § | |
| JE through next friend JH, | § | No. 1:24-CV-151-DCLC-CHS |
| NR through next friend SR, and | § | |
| LC through next friend EH, | § | JURY DEMANDED |
| | § | |
| and | § | |
| | § | |
| NATHAN ALEXANDER SMITH, | § | |
| NR through next friend SR, | § | |
| JE through next friend JH, | § | |
| and LC through next friend EH, | § | |
| (individually), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| MEIGS COUNTY, and ESTATE OF ROBERT J. | § | |
| LEONARD (Deceased), by and through | § | |
| Neal Pinkston as Administrator *ad Litem*, | § | |
| | § | |
| Defendants, | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO AMEND SCHEDULING ORDER**

NOW COME Plaintiffs, by and through Counsel, and move this Court to amend the current case management order (DE 123) pursuant to Fed. R. Civ. P. 16(b)(4) by extending the deadlines for the Parties to make their expert witness disclosures and would show unto this Court the following:

1

1. On January 6, 2026, this Court granted Plaintiffs' Unopposed Motion to Amend the Case Management Order (ECF No. 90). (DE 122).

2. Relevant to this Motion, the current scheduling order provides the following deadlines:

   a. May 4, 2026 – Plaintiffs' expert witness disclosures;

   b. June 4, 2026 – Defendants' expert witness disclosures;

   c. June 18, 2026 – Rebuttal expert witness disclosures;

   d. Fact and Expert Discovery Cut-Off – August 31, 2026;

   e. Dispositive Motions Due and Daubert Challenge Dedline – October 13, 2026.

   (DE 123, Page ID # 1233).

3. Since the Court granted Plaintiffs' previous motion to amend the scheduling order, the Parties have engaged in significant discovery, including the depositions of numerous witnesses.

4. However, until recently, Plaintiffs have been unable to depose witnesses relevant to establishing their claims against Defendants and have not yet deposed the people likely to have the most relevant information.

5. On April 26, 2026, Plaintiffs deposed the Meigs County Sheriff, Jackie Melton.

6. During his deposition, Sheriff Melton deferred a significant number of policy and training related questions to his Chief Deputy, Brian Malone.

7. On April 27, 2026, Plaintiffs deposed Will Owens, one of the officers who trained Robert Leonard. Mr. Owen's testified that he only provided training to Mr. Leonard for the Northern portion of Meigs County while Ben Christian provided training for the Southern portion of Meigs County where the incident occurred.

8. Ben Christian is currently scheduled to be deposed on May 13, 2026.

2

9. The Parties have just recently agreed to a time and date for a Rule 30(b)(6) deposition of Defendant Meigs County, which will take place in June of 2026. The County has not yet identified its Rule 30(b)(6) representative who will be testifying.

10. Plaintiffs have retained an expert on police practices and procedures who will submit a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B). However, completion of that report requires information concerning the training that Robert Leonard received and Meigs County Sheriff's Department policies and procedures.

11. Given that the depositions to obtain the information necessary for completion of an expert report are already scheduled and there is still significant time left in the Scheduling Order, an extension to the expert disclosure deadlines would not necessarily impact the remainder of the scheduling order.

12. Plaintiffs propose making the following changes to the expert disclosure deadlines in the current case management order:

| Expert Disclosures | | |
|---|---|---|
| | **Current Deadline (DE 123)** | **Proposed Deadline** |
| **Plaintiffs Expert Disclosures** | May 4, 2026 | June 29, 2026 |
| **Defendants Expert Disclosures** | June 4, 2026 | July 30, 2026 |
| **Rebuttal Expert Disclosures** | June 18, 2026 | August 13, 2026 |

13. Plaintiffs believe that moving the expert disclosure deadlines will both ensure that the Parties have time to complete expert discovery without slowing the progress of the case.

14. Plaintiffs' Counsel contacted Counsel for Defendants via email and phone to seek concurrence in this Motion and was informed that they do not oppose this Motion or the relief sought.

3

WHEREFORE, Plaintiffs respectfully request that this Court GRANT their Motion to Amend the Scheduling Order for the reasons set forth above and in the accompanying brief in support.

Respectfully submitted,

By: */s/ Paul Matouka (by perm)*
OLIVER BELL GROUP
MI State Bar #P84874
*Admitted pro hac vice
Attorney for NR, JE, and LC
50 W. Big Beaver Rd.
Suite 200
Troy, MI 48084
O: (248) 324-6556
F: (248) 416-3047
notifications@oliverlawgroup.com
pmatouka@oliverlawgroup.com

*/s/ Robin Ruben Flores*
Robin Ruben Flores
Tenn. BPR #20751
GA. State Bar #200745
Attorney for Plaintiff Nathan Smith
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

*/s/ W. Neil Thomas (by permission)*
W. Neil Thomas
Tenn. BPR #004536
THOMAS & THOMAS, LLC
Attorneys for Plaintiff Nathan Smith
Lee Highway
Suite 115
Chattanooga, TN 37421
O: (423) 910-9100
F: (423) 356-3082
wnthomas@twtlawfirm.com

*/s/ Jeffery Rufolo (by permission)*
Jeffrey Rufolo
Tenn. BPR #15013
SUMMERS, RUFOLO & ROGERS, PC
Attorneys for Plaintiffs NR, JE, and LC
735 Broad Street
Suite 800
Chattanooga, TN 37402
O: (423) 265-2385
jrufolo@summersfirm.com

Dated: May 4, 2026.

## CERTIFICATE OF SERVICE

I, Robin Flores, hereby certify that on May 4, 2026, I filed the foregoing document using the Court's CM/ECF filing service which will cause a copy to be served upon all counsel of record.

*/s/ Robin Flores*

4