# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA

TABITHA MARIE SMITH (Deceased) §
(aka Tabatha Marie Colbaugh), §
by and through her surviving children §
NATHAN ALEXANDER SMITH, §
JE through next friend JH, §    No. 1:24-cv-151-DCLC-CHS
NR through next friend SR, and §
LC through next friend EH, §    JURY DEMANDED
 §
and §
 §
NATHAN ALEXANDER SMITH, §
NR through next friend SR, §
JE through next friend JH, §
and §
LC through next friend EH, §
(individually), §
 §
     *Plaintiffs,* §
 §
~V~ §
 §
MEIGS COUNTY, and §
 §
ESTATE OF ROBERT J. LEONARD (Deceased), §
by and through Neal Pinkston as §
Administrator *ad Litem*, §
 §
     *Defendants*. §

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR UNOPPOSED MOTION TO AMEND THE CASE MANAGEMENT ORDER

### LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a court may amend a scheduling order upon good cause shown. "The primary measure of a Rule 16's 'good cause' standard is the moving party's diligence in attempting to mee the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). Courts also consider whether the extension

1

will prejudice the other parties. *See Id*. Here, Plaintiffs have been diligent and there will be no prejudice to Defendants.

**ARGUMENT**

The good cause requirement of Fed. R. Civ. P. 16(b)(4) is met because Plaintiffs have been diligent in pursuing discovery and are unable to reasonably meet the deadlines set forth in the current scheduling order (DE 123) and the requested modification will not prejudice Defendants.

### 1. Plaintiffs (and the Parties) Have Been Diligent in Pursuing Discovery

Since the last amendment to the scheduling order, the Parties have conducted multiple depositions and have produced additional documents.[1] However, certain depositions necessary for completion of the Parties' expert reports have not been completed. For example, testimony during the recent deposition of Meigs County Sheriff Jackie Melton indicated that Chief Deputy Brian Malone plays a central role in the development and enforcement of Meigs County Sheriff's Department policies and procedures. Additionally, testimony from the recent deposition of Will Owens revealed that Robert Leonard received training related to the area where the incident occurred from Ben Christian, who also has more knowledge of the Meigs County Sheriff's Department's training policies and procedures. Ben Christian will not be deposed until May 13, 2026, and Brian Malone will not be deposed until June 10, 2026. Written discovery has provided only a very limited insight into Robert Leonard's training as there appears to be no written documentation of his training or the standards that governed it. Given the substantial amount of discovery completed and the work the Parties have completed already, Plaintiffs have been diligent in pursuing discovery.

### 2. Defendants Will not be Prejudiced by the Requested Modification

Because Plaintiffs' proposed modification to the scheduling order does not extend the

---

[1] For example, the Parties recently moved this Court to expand the agreed protective order to cover newly obtained evidence. (DE 144).

discovery period or postpone the deadline for dispositive motions and *Daubert* challenges, Defendants will not be prejudiced by prolonged litigation. Defendants will still have the same amount of time after Plaintiffs' expert disclosures to make their own under the proposed modifications – meaning that they will not be prejudiced in their ability to respond to Plaintiffs' experts. On the other hand, if Plaintiffs are required to submit expert reports before key pieces of evidence are obtained, all Parties will bear the expense of creating numerous supplements and/or amended reports as new evidence is obtained through the currently scheduled depositions.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court GRANT their Motion to Amend the Case Management Order.

Respectfully submitted,

By: */s/ Paul Matouka (by permission)*
OLIVER BELL GROUP
MI State Bar #P84874
*Admitted pro hac vice
Attorney for NR, JE, and LC
50 W. Big Beaver Rd.
Suite 200
Troy, MI 48084
O: (248) 324-6556
F: (248) 416-3047
notifications@oliverlawgroup.com
pmatouka@oliverlawgroup.com

*/s/ Robin Ruben Flores*
Robin Ruben Flores
Tenn. BPR #20751
GA. State Bar #200745
Attorney for Plaintiff Nathan Smith
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

*/s/ W. Neil Thomas (by permission)*
W. Neil Thomas
Tenn. BPR #004536
THOMAS & THOMAS, LLC
Attorneys for Plaintiff Nathan Smith
Lee Highway
Suite 115
Chattanooga, TN 37421
O: (423) 910-9100
F: (423) 356-3082
wnthomas@twtlawfirm.com

*/s/ Jeffery Rufolo (by permission)*
Jeffrey Rufolo
Tenn. BPR #15013
SUMMERS, RUFOLO & ROGERS, PC
Attorneys for Plaintiffs NR, JE, and LC
735 Broad Street
Suite 800
Chattanooga, TN 37402
O: (423) 265-2385
jrufolo@summersfirm.com

Dated: May 4, 2026.

3

**CERTIFICATE OF SERVICE**

I, Robin Flores, hereby certify that on May 4, 2026, I filed the foregoing document using the

Court's CM/ECF filing service which will cause a copy to be served upon all counsel of record.

*/s/ Robn Flores*

4