| | | |
|---|---|---|
| TABITHA MARIE SMITH (Deceased) | § | |
| (aka Tabatha Marie Colbaugh), | § | |
| by and through her surviving children | § | |
| NATHAN ALEXANDER SMITH, | § | |
| JE through next friend JH, | § | No. 1:24-CV-151-DCLC-CHS |
| NR through next friend SR, and | § | |
| LC through next friend EH, | § | JURY DEMANDED |
| | § | |
| and | § | |
| | § | |
| NATHAN ALEXANDER SMITH, | § | |
| NR through next friend SR, | § | |
| JE through next friend JH, | § | |
| and LC through next friend EH, | § | |
| (individually), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| MEIGS COUNTY, and ESTATE OF ROBERT J. | § | |
| LEONARD (Deceased), by and through | § | |
| Neal Pinkston as Administrator *ad Litem*, | § | |
| | § | |
| Defendants, | § | |

## MEIGS COUNTY'S DESIGNATION OF 30(b)(6) WITNESSES
## AND REQUEST FOR PROTECTIVE ORDER REGARDING THE SEARCH AND
## RESCUE ITEM IN TOPIC "C"

MEIGS COUNTY ("MEIGS"), in accordance with Federal Rules of Civil Procedure 26 &

30, and in response to Plaintiff Smith's 30(b)(6) deposition Notices (DOC's 138 & 148), hereby

serves its designation of 30(b)(6) representative(s) and also requests the entry of a Protective Order

as to the "search and rescue" item listed in Topic "C" of Plaintiff's Notice and states as follows:

## The Gravamen of the Fourth Amended Complaint

The Plaintiffs have filed several Complaints during the pendency of this case and in the Fourth Amended Complaint (which is the current/operative Complaint), Plaintiffs allege the following Federal Civil Rights and State law claims:[1]

1) COUNT I: 42 U.S.C. § 1983 - Fourteenth Amendment - Deprivation of Liberty Interest and Bodily Integrity;

2) COUNT II: 42 U.S.C. § 1983 - Fourteenth Amendment - Failure to Protect;

3) COUNT III: Tenn. Code Ann § 20-5-106 – Wrongful Death;

4) COUNT IV: Tennessee Common Law - Battery and Assault;

5) COUNT V: Tennessee Common Law – Intentional Infliction of Emotional Distress;

6) COUNT VI: Tennessee Common Law – Gross Negligence;

7) COUNT VII: Tennessee Common Law – Negligence;

8) COUNT VIII Tennessee Common Law – Loss of Consortium; and,

9) COUNT IX: Tenn. Code Ann § 8-8-302

(See DOC 97-1, Fourth Amended Complaint)

In turn, the Plaintiffs' factual claims against MEIGS include the following:

– Defendant Meigs County trained and equipped Defendant Leonard pursuant to its customs and policies.

– These customs and policies were constitutionally deficient and amounted to deliberate indifference to the safety and security of people in its custody.

---

[1] The Defendants' Motions to Dismiss the 4th Amended Complaint have been fully briefed but to date, no ruling has been made as to any of the grounds argued in the Defendants' motions.

Case 1:24-cv-00151-DCLC-CHS    Document 149    Filed 05/12/26    Page 2 of 10
PageID #: 1370

These policies included:

a. Inadequate training and area familiarization for new hires despite known road hazards;

b. Sending new Sheriff's deputies on patrol alone before they are fully and properly trained;

c. Providing woefully inadequate safety equipment such as a GPS device or other navigation equipment;

d. Failing to implement adequate policies to identify and address errors or instances of misconduct by its employees; and,

e. Providing unsafe vehicles to be used in the transportation of arrestees.

(See DOC 97-1 at paragraphs 66-68)

Plaintiffs further allege that:

– Meigs County comprises 217 square miles of land.

– Defendant Meigs County often assigns just two deputies to cover this entire area.

– Defendant Meigs County did not provide its deputies with any type of GPS or navigational equipment.

– Defendant Meigs County was aware that its deputies used personal GPS devices with unknown, or questionable, reliability to navigate around Meigs County.

– Defendant Meigs County did not provide its deputies with body-worn cameras or dash cameras that are necessary to investigate allegations of misconduct or to review incidents for lessons learned.

– Defendant Meigs County had an unofficial policy of having its Sheriff's deputies to communicate using text messages when they lacked radio coverage, which was frequent.

– This policy resulted in Sheriff's deputies texting while driving even when the radio was operational, increasing the risk to passengers, pedestrians, and other drivers.

- Defendant Meigs County was aware that certain areas posed a risk to drivers based on prior accidents, including people driving into the Tennessee River.

- Defendants Meigs County was aware that Defendant Leonard was new to Tennessee and unfamiliar with the area.

- Upon information and belief, Defendant Leonard's unfamiliarity with Meigs County was evident during his two-week ride-along training and Defendant Meigs County authorized him to work by himself without reliable navigation equipment.

(See DOC 97-1 at paragraphs 69-78)

It is against that backdrop that MEIGS provides its designations to Plaintiff's specific 30(b)(6) topics and requests the entry of a Protective order to the "search and rescue" item listed in Topic "C".

### Plaintiffs' Topics for Examination and MEIGS' Response

**A. Policies, Procedures, Customs, and Training Regarding Transportation of Arrestees and/or Prisoners**

a. Meigs' County policies, procedures, and/or customs for transporting arrestees and/or prisoners in effect on February 14, 2024.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

b. Training provided to Meigs County Sheriff's Deputies concerning the transportation of arrestees and/or prisoners as of February 14, 2024. Inclusive of both initial/onboarding training and any supplemental or refresher training.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

c. Identities of all persons responsible for developing and implementing the Meigs County Sheriff's Department's policies, procedures, and customs concerning the transportation of arrestees and/or prisoners as of February 14, 2024.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

d. Any policies or procedures related to ensuring employee compliance with the Meigs County Sheriff's Department's policies, procedures, and customs related to the transportation of arrestees and/or prisoners as of February 14, 2024.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

## B. Training of New Deputies on Roadway Knowledge within Meigs County

a. Area familiarization training provided to newly hired Meigs County Sheriff's Deputies as of February 14, 2024.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

b. Meigs County Sheriff's Department policies or procedures to identify and address inadequate geographical familiarity with the Department's jurisdiction as of February 14, 2024.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

## C. Notice of Dangerous Roadways and Prior Incidents at Blythe Ferry Lane/Road

a. All training provided to Meigs County Sheriff's Department employees since February 14, 2014, for search and rescue scenarios involving a vehicle in the Tennessee River.

   **Response:** MEIGS objects to this topic as it seeks information on a topic that does not appear anywhere in the Fourth Amended Complaint. Namely, *search and rescue scenarios*. That issue is not related to any of the issues raised in the Counts plead by the Plaintiffs nor does it appear in any of the Plaintiffs' prior Complaints.

Case 1:24-cv-00151-DCLC-CHS    Document 149    Filed 05/12/26    Page 5 of 10
PageID #: 1373

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case*." Fed.R.Civ.P. 26(b)(1). In turn, "[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties. Inc.*, 400 Fed. Appx. 43, 51 (6th Cir. 2010) (quoting *Green v. Nevers*. 196 F.3d 627, 632 (6th Cir. 1999) and citing *Elvis Presley Enters, v. Elvislv Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991) ("The District Court did not abuse its discretion in limiting discovery on this issue, which is not relevant in this case.")

MEIGS submits that requesting a 30(b)(6) designation on an issue that does not appear in any version of the Plaintiffs' Complaints plainly seeks information not necessary to prove the Plaintiffs' contentions and is not proportional to the needs of the case.

As such, MEIGS seeks the Court's protection and requests the Court Order the Plaintiffs to make a showing of this particular topic's relevance to the liability claims in advance of any further response from MEIGS.[2]

b.  Instances of vehicles driving into the Tennessee River in Meigs County or surrounding counties (of which Defendant  Meigs  was aware) since 2014.

    **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

c.  Instances of Meigs County Sheriff's Department employees having on-duty motor vehicle accidents since 2013.

    **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

d.  Any hazard specific warnings, communications, and/or trainings provided to new hires or as a refresher as of February 14, 2024.

    **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

---

[2] MEIGS conferred with counsel for the Plaintiff in an attempt to resolve this objection but was not successful.

e. Any training, warnings, and/or communications given to Meigs County Sheriff's Department employees related to areas of Meigs County with limited communication availability (i.e., areas where GPS, cellphones, or radios are ineffective) from January 1, 2020, to present.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

## D. Sheriff's Office Training Systems and Methods

a. Identities of all people responsible for the contents of the Meigs County Sheriff's Department's officer training program as of February 14, 2024.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

b. How officer training needs are identified and addressed.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

c. How deficiencies in the Meigs County Sheriff's Department's officer training program are identified and corrected.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

d. How efficacy and adequacy of the training program is assessed.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

e. What types of records are generated during training (initial or refresher).

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

f. The documents establishing the contents, duration, and/or scope of the Meigs County Sheriff's Department's new officer training program as of February 14, 2024.

   **Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

g.  How the Meigs County Sheriff's Department determined whether new officers adequately completed the required training as of February 14, 2024.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

h.  All changes to the Meigs County Sheriff's Departments' new officer training program from January 1, 2020, to present.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

**E. Equipment Issued to Deputies and Installed in Patrol Vehicles**

a.  The types of equipment issued to deputies personally and assigned to patrol vehicles during the relevant period, including radios, backup or interoperable communications devices, GPS or navigation equipment or applications, speedometers/odometers, body-worn cameras, in-car cameras, emergency equipment, and seatbelt/restraint systems, and the processes for inspection, maintenance, and replacement from January 1, 2020, to present.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

b.  The policies, procedures, and customs related to vehicle maintenance and use of vehicles without functioning systems such as a speedometer, odometer, seatbelts, or other safety equipment as of February 14, 2024.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

**F. Policies Regarding Cell Phone Use and Communications When Car Radios Do Not Function**

a.  The County's policies, procedures, and practices regarding deputies' use of personal or County-issued cell phones and electronic messaging while operating vehicles, including during prisoner transport, and any training or enforcement related to same from January 1, 2020, to present.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

b. The County's policies and protocols for communications redundancy or alternatives when in-car or portable radios do not function or have inadequate coverage, including designated safe stopping, call-back procedures, and supervisor notification as of February 14, 2024.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

## G. Hiring and Screening of Deputy Sheriff Applicants

a. The County's hiring, screening, and background investigation processes for deputy sheriff candidates during the relevant period, including evaluation of prior employment, criminal history, driving history, substance use or addiction indicators, psychological or medical screening, reference checks, and probationary status requirements from January 1, 2020, to present.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

b. Any changes to hiring or screening policies or practices made from January 1, 2020 to present, including enhancements addressing roadway familiarity, training sufficiency before solo patrol, or equipment provisioning.

**Response:** MEIGS designates Brian Malone, Chief Deputy of MEIGS County.

### Plaintiff's Duces Tecum and MEIGS' Response

The preamble to Plaintiff's Duces Tecum states the following:

The County is requested to produce any documents, not already produced in discovery, which were relied upon or reviewed by Defendant's representatives in preparation for the deposition **at least 7 days prior** to the deposition date.

MEIGS objects to the scope of the preamble as it fails to exclude materials provided to the designee(s) by counsel for MEIGS thus invading the attorney work product privilege. Under *Sporck v. Peil*, 759 F.2d 312, 315-17 (3rd Cir. 1985), disclosure of a lawyer's selection of certain documents from a large amount of documents infringes on counsel's mental processes and disclosure of those processes would impair an attorney's preparations as disclosing counsel's

strategies. Such information is absolutely protected in the 6th Circuit. See *Toledo Edison Co. v. G.A. Tech., Inc.*, 847 F.2d 335, 341 (6th Cir.1988) ("the court ... must 'protect against disclosure of mental impressions, conclusions, opinions on legal theories of an attorney or their representative.").

MEIGS' submits that the appropriate scope of inquiry in the duces tecum should be what the designee(s) **relied upon** as opposed to what **was reviewed**. As such, based on *Sporck*, MEIGS requests the Court limit the scope of the duces tecum accordingly.

Lastly, the parties have engaged in written discovery and have held numerous "meet and confer" conferences to resolve the objections raised therein. To the extent any of the duces tecum items in the instant 30(b)(6) were previously requested from MEIGS and objected to, MEIGS does not waive any of the objections it has previously raised and incorporates them herein.

Respectfully submitted,

**MICHEL AND WARD, P.C.**

By: /S/ Alix C. Michel
    **Alix C. Michel** (BPR No. 024243)
    **David J. Ward** (BPR No. 013449)
735 Broad Street, Suite 406
Chattanooga, TN 37402
Telephone: (423) 602-9522
Facsimile: (423) 602-9524
Alix@MichelandWard.com
*Attorneys for Defendant MEIGS*