| | | |
|---|---|---|
| TABITHA MARIE SMITH (Deceased), | ) | |
| (aka Tabitha Marie Colbaugh), | ) | |
| by and through her surviving children | ) | |
| NATHAN ALEXANDER SMITH, | ) | No. 1:24-CV-151-DCLC-CHS |
| JE through next friend JH, | ) | |
| NR through next friend SR, and | ) | JURY DEMAND |
| LC through next friend EH, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATHAN ALEXANDER SMITH, | ) | |
| NR through next friend SR, | ) | |
| JE through next friend JH, and | ) | |
| LC through next friend EH, | ) | |
| (individually), | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEIGS COUNTY and | ) | |
| ESTATE OF ROBERT J. LEONARD (Deceased) | ) | |
| by and through Neal Pinkston as | ) | |
| Administrator *ad Litem*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ANSWER OF THE ESTATE OF ROBERT J. LEONARD
## TO PLAINTIFF'S FOURTH AMENDED COMPLAINT [DOC. 102]

**COMES NOW**, Defendant, the Estate of Robert J. Leonard (hereinafter referred to as "the Estate"), by and through undersigned counsel, and hereby files this Answer to the Plaintiff's Fourth Amended Complaint [Doc.102] and Jury Demand on all counts applicable.

## FIRST DEFENSE

The Estate responds to the Plaintiff's specific allegations in the Fourth Amended Complaint as follows:

## INTRODUCTION

1.  Admitted only to the extent that the Complaint alleges various causes of action including 42 U.S.C. § 1983 and 1988.  All other allegations and inferences are denied.

2.  Admitted only to the extent that the Complaint alleges various causes of action.  All other allegations and inferences are denied.

3.  Admitted only to the extent that the Complaint alleges various causes of action.  All other allegations and inferences are denied.

## JURISDICTION AND VENUE

4.  Admitted that this Court has jurisdiction over the alleged violations of federal law.  All other allegations and inferences are denied.

5.  Admitted that this Court may elect to exercise supplemental jurisdiction over the state law claims which were part of the same case or controversy pursuant to 28 U.S.C. § 1367.  All other allegations and inferences are denied.

6.  Admitted only to the extent that the Complaint alleges loss of consortium claims.  It is further admitted that this Court may exercise supplemental jurisdiction over the alleged state law claims which were part of the same case or controversy pursuant to 28 U.S.C. § 1367.  All other allegations are denied.

7.  Admitted.

## THE PARTIES

8.  Admitted, however there are two (2) deceased individuals in this case.  Both were residents of Meigs County, Tennessee.

9.  Admitted only to the extent that Tabitha Marie Smith was survived by children whom upon information and belief, she did not have custody of and was estranged from due to her drug use,

2

addictions and criminal behavior, and those children appear to be the named Plaintiffs. All other allegations are denied.

10. Admitted.

11. Admitted only to the extent that the Plaintiff minor children most likely have legal guardians. Defendant reserves the right to conduct discovery on this issue. All other allegations are denied.

12. Admitted that Tabitha Marie Smith's biological children have standing to file a lawsuit and bring certain causes of action, however claims for loss of consortium under Tennessee law filed by adult children have a different evidentiary standard than claims filed by minor children. All other allegations are denied.

13. Admitted.

14. Admitted only to the extent that Meigs County created and has a duty to operate and maintain the Meigs County Sheriff's Office. All other allegations are denied.

15. It is unknown whether the County provides rules and regulations or the Sheriff's Office provides rules and regulations. Therefore, the allegations are denied as written.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted. However, on or about December 11, 2024, Bryan Hoss was substituted as counsel for the Estate of Robert Leonard and was ordered to accept service of process for any legal action filed against the Estate.

22.     Denied.  On December 11, 2024, Bryan Hoss was substituted as counsel for the Estate of Robert Leonard.  Bryan Hoss notified Plaintiffs' counsel of his substitution at and around the time of his substitution.  Bryan Hoss acknowledges receipt and service of process for the Fourth Amended Complaint.

23.     Admitted only to the extent that the Complaint alleges causes of action against the Estate of Robert Leonard.  Mr. Leonard is deceased.  All other allegations are denied.

## FACTUAL BASIS-THE ROADWAY

24.     Admitted.

25.     Admitted only to the extent that Blythe Ferry Lane is a narrow, dark two-lane asphalt country road.  All other allegations are denied.

26.     Admitted only to the extent that Blythe Ferry Lane is a narrow, dark two-lane asphalt country road.  Defendant is without sufficient information and knowledge to admit or deny whether the road had shoulders, the orientation of the roadway, east/west traffic, whether there was a double yellow centerline and whether that double yellow centerline ended before the water's edge.  All other allegations are denied.

27.     Admitted.

28.     Admitted only to the extent that there is minimum signage along Blythe Ferry Lane.  Defendant is without sufficient information and knowledge to admit or deny where the signage, if any, is located in reference to the water's edge.  All other allegations are denied.

29.     Admitted.

30.     Admitted only to the extent that there is a sign on the right side of the roadway which says, "ROAD ENDS 1500 FT."  All other allegations are denied.

31.     Admitted only to the extent there is a series of worn rumble strips prior to the river.  All other allegations are denied.

4

32. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 32 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

33. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 33 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

34. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 34 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

35. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 35 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

36. Defendant is without sufficient information and knowledge to admit or deny the allegations in paragraph 36 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

37. Admitted only to the extent that there are no gates or barriers on Blythe Ferry Lane to prevent or stop motorists from driving into the river. Defendant is without sufficient information and knowledge to admit or deny the other allegations in paragraph 37, and therefore, those allegations are denied.

**FACTUAL BASIS - THE INCIDENT**

38. Admitted only to the extent that Leonard took the oath of office for the Meigs County Sheriff's Department on or about November 5, 2023, however, he became a post-certified officer on or about December 1, 2023, and the Estate believes he began his employment with the Meigs County Sheriff's Department on, about and around December 1, 2023. All other allegations are denied.

5

39. Admitted only to extent that Meigs County provided to Deputy Leonard ride-along training. All other allegations are denied.

40. Admitted that Leonard was called by 911 Dispatch and told of a person who was "jumping into traffic" on or around the Highway 60 bridge, located in Meigs County. All other allegations and inferences are denied.

41. Admitted only to the extent that Leonard responded to the call and drove quickly towards the Highway 60 bridge in a department issued patrol car. All other allegations are denied.

42. Admitted only to the extent that Leonard possessed a Garmin GPS device which was processed by law enforcement as evidence and the Garmin indicated that he reached the speed of 102 on his way to the call. All other allegations are denied.

43. Admitted only to the extent that Leonard drove from his home to Highway 58, then turned right onto Gunstocker Road and then turned right onto Highway 60. According to the DA's summary report, Leonard made first contact with Tabitha Smith at or around 9:47 p.m. and had her in custody at 9:54pm. All other allegations are denied.

44. Admitted.

45. Admitted only to the extent that Leonard left the Highway 60 bridge area with Tabitha Smith handcuffed and in custody in the rear of his patrol car at or around 9:58p.m. All other allegations are denied.

46. Admitted that Leonard exchanged messages with Ben Christian in and around 9:53 and 9:59 p.m. All other allegations and inferences are denied.

47. Admitted only to the extent that Leonard drove on Blythe Ferry Lane and his GPS unit reports that he drove up to 56 mph and that when his vehicle hit the water, his vehicle was traveling at 44 mph. All other allegations are denied.

6

48. Admitted only to the extent that Leonard sent a text message to his wife which said, "arrest." All other allegations are denied.

49. Denied to the extent that paragraph 49 alleges that Leonard violated either T.C.A. § 55-8-199 or 55-19-203 or that those statutes apply to Leonard while on duty for the Meigs County Sheriff's Office.

50. Denied.

51. Admitted only to the extent that law enforcement authorities found Leonard's patrol car upside down in the Tennessee River. All other allegations are denied.

52. Admitted.

53. Admitted.

54. Denied.

55. Denied.

56. Admitted only to the extent that prior to this incident involving the parties, at least one other person has driven into the Tennessee River at Blythe Ferry under different circumstances. All other allegations are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Admitted only to the extent that Tabitha Smith has approximately twenty-five (25) arrests in Meigs County and most likely would know where the Meigs County Jail was located; however, Smith was under the influence of methamphetamine and marijuana at the time of her death

7

which would or could influence her actions, demeanor, memory and affect.  All other allegations are denied.

64.	Denied.

65.	Denied.

**FACTUAL BASIS – MEIGS COUNTY**

66.	Admitted.

67.	Denied.

68.	Denied.

69.	Admitted.

70.	Admitted that Meigs County assigns two deputies to cover Meigs County.  All other allegations are denied.

71.	Admitted.

72.	Admitted only to the extent that Meigs County knew that its deputies used personal GPS devices in their law enforcement duties.  All other allegations are denied.

73.	Admitted only to the extent that Meigs County did not provide its deputies with body-worn cameras or dash cameras.  All other allegations are denied.

74.	Admitted only to the extent that Meigs County deputies used text messages to communicate with other officers, supervisors and family members.  All other allegations are denied.

75.	Denied.

76.	Denied.

77.	Denied.

78.	Denied.

**FEDERAL CLAIMS**

**COUNT I:  42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – DEPRIVATION OF LIBERTY INTEREST AND BODILY INTEGRITY**

8

79. Denied.

80. Denied.

81. Admitted only to the extent that Deputy Leonard lawfully arrested Tabitha Smith. All other allegations are denied.

82. Admitted only to the extent that Tabitha Smith was in lawful custody and relied on Deputy Leonard for her safety while he transported her to the jail. All other allegations are denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Admitted only to the extent that Deputy Leonard, at all times, was acting under color of law. All other allegations are denied.

### COUNT II: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – FAILURE TO PROTECT

93. Denied.

94. Denied.

95. Denied as written.

96. Admitted.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Admitted.

103. Denied.

104. Admitted.

105. Denied.

106. Denied.

107. Admitted only to the extent that Deputy Leonard, at all times, was acting under color of law. All other allegations are denied.

## STATE LAW CLAIMS

### COUNT III: TENN. CODE ANN. § 20-5-106 – WRONGFUL DEATH

108. Denied.

109. Denied.

110. Admitted only to the extent that Leonard had a duty to safely transport Tabitha Smith to the Meigs County Jail. All other allegations are denied.

111. Denied.

112. Denied.

### COUNT IV: TENNESSEE COMMON LAW – BATTERY AND ASSAULT

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117.    Denied.

118.    Admitted only to the extent that Deputy Leonard, at all times, was acting under color of law. All other allegations are denied.

## COUNT V: TENNESSEE COMMON LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Admitted only to the extent that Deputy Leonard, at all times, was acting under color of law. All other allegations are denied.

## COUNT VI: TENNESSEE COMMON LAW – GROSS NEGLIGENCE

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Admitted only to the extent that Deputy Leonard, at all times, was acting under color of law while he was an employee of Meigs County. All other allegations are denied.

130.    Denied.

## COUNT VII: TENNESSEE COMMON LAW – NEGLIGENCE

131.    Denied.

132.    Denied.

133.    Admitted.

134.    Admitted.

11

135. Denied.

136. Admitted.

137. Denied.

**COUNT VIII: TENNESSEE COMMON LAW – LOSS OF CONSORTIUM**

138. Denied.

139. Denied.

140. Denied.

141. Denied.

**COUNT IX: TENN. CODE ANN. § 8-8-302**

142. Denied.

143. Denied.

144. Denied.

145. Denied.

**DAMAGES**

146. Denied.

147. Denied.

And Now, having fully responded to the specific allegations in the Fourth Amended Complaint, the Estate of Robert Leonard asserts the following Affirmative Defenses:

**<u>SECOND DEFENSE</u>**

The Plaintiffs' Fourth Amended Complaint fails to state a claim upon which relief may be granted.

**<u>THIRD DEFENSE</u>**

12

The Estate of Robert Leonard relies upon the defense of qualified immunity as a police officer of the Meigs County Sheriff's Office as he did not violate the Plaintiff's constitutional rights and was acting pursuant to a duty enacted by the laws of Meigs County and the State of Tennessee.

**FOURTH DEFENSE**

At all material times, the Estate of Robert Leonard was justified in his actions under Tennessee Law pursuant to the following:

A. T.C.A. § 39-11-601 – Justification;

B. T.C.A. § 39-11-609 – Necessity;

C. T.C.A. § 39-11-610 – Public Duty;

G. T.C.A. § 39-11-622 – Use of Force, Civil Immunity;

**FIFTH DEFENSE**

To the extent that Plaintiffs aver or allege any cause of action under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 *et seq*., the Estate of Robert Leonard relies upon the terms, limitations, immunities, cap on damages and defenses contained in T.C.A. § 29-20-101 *et seq.,* § 29-20-111 and § 29-20-205.

**SIXTH DEFENSE**

The Estate of Robert Leonard relies on T.C.A. § 55-8-108, "Emergency Vehicles," which authorize Robert Leonard as a police officer to exceed speed limits and disregard certain traffic regulations while responding to the scene of an incident.

**SEVENTH DEFENSE**

The Estate of Robert Leonard denies that she violated Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, 1985 and 1988 in any actions taken towards the Plaintiff.

**EIGHTH DEFENSE**

The Estate of Robert Leonard, to the extent it is applicable, relies on the statutory cap on non-economic damages found in T.C.A. § 29-39-102.

## NINTH DEFENSE

The Estate of Robert Leonard asserts that they are entitled to their attorney fee(s) pursuant to 42 U.S.C. § 1988 and T.C.A. § 29-20-113.

## JURY DEMAND

The Estate hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

**WHEREFORE PREMISES CONSIDERED**, the Estate of Robert Leonard prays for the following:

1.      That a Jury be empaneled to determine the issues herein;

2.      That this Complaint be dismissed with prejudice and all costs, both discretionary and non-discretionary be awarded in favor of the Estate;

3.      That the Estate of Robert Leonard be awarded his reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988 and T.C.A. § 29-20-113.

4.      Such other specific and general relief that the Estate would be entitled to in the premises.


Respectfully Submitted,

**DAVIS & HOSS, P.C.**

s/Bryan H. Hoss
Bryan H. Hoss, BPR #021529
Edith Logan Davis, BPR# 038138
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687 – fax
*Attorneys for Estate of Robert J. Leonard*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

THOMAS & THOMAS
W. Neil Thomas, III
Michael Mason Thomas
6148 Lee Highway, Suite 115
Chattanooga, TN 37363
wnthomas@twtlawfirm.com
mthomas@twtlawfirm.com
*Attorneys for Plaintiff*

FLORES LAW OFFICE
Robin R. Flores
4110 Brainerd Road, Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com
*Attorney for Plaintiff*

SUMMER, RUFOLO & RODGERS, P.C.
Jeffrey W. Rufolo
735 Broad Street, Suite 800
Chattanooga, TN 37402
jrufolo@summersfirm.com
*Attorneys for Plaintiff*

OLIVER BELL GROUP
Alyson Oliver
50 W. Big Beaver Road, Suite 200
Troy, MI 48084
Notifications@olivergroup.com
*Attorneys for Plaintiff*

MICHEL & WARD, P.C.
Alix Michel
David J. Ward
735 Broad Street, Suite 406
Chattanooga, TN 37402
alix@michelandward.com
david@michelandward.com
*Attorneys for Meigs County Government*

This the __20th___ day of July 2026.

/s/Bryan H. Hoss_____
**BRYAN H. HOSS**