| | | |
|---|---|---|
| NATHANIEL ALEXANDER SMITH et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:24-CV-00151-7-DCLC-CHS |
| MEIGS COUNTY and ESTATE OF ROBERT J. LEONARD, by and through Neal Pinkston as Administrator ad litem, | ) ) ) ) | |
| Defendants. | ) | |

## MEIGS COUNTY'S ANSWER TO FOURTH AMENDED COMPLAINT

COMES NOW Defendant MEIGS COUNTY ("MEIGS"), through counsel, and serves the following Answer to Plaintiffs' Fourth Amended Complaint [Doc._97-1] and would state as follows:

1) MEIGS admits the Complaint alleges various causes of action. MEIGS is unable to respond to the remaining assertions in the "Introduction" section of the Fourth Amended Complaint (i.e. paragraphs 1-3) as they call for a legal conclusion. To the extent any response is required, MEIGS denies that any constitutional or state law violations occurred and demands strict proof of same.

2) MEIGS admits that this court has jurisdiction over the alleged violations of federal law. All other allegations and inferences of paragraph 4 of the Fourth Amended Complaint are denied.

3) With respect to the allegations of paragraph 5 of the Fourth Amended Complaint, MEIGS admits that this Court may elect to exercise supplemental jurisdiction over the state law

1

claims which were part of the same case or controversy pursuant to 28 U.S.C. § 1367. All other allegations and inferences are denied.

4) The allegations of paragraph 6 of the Fourth Amended Complaint are admitted only to the extent that the Complaint alleges loss of consortium claims. It is further admitted that this Court may exercise supplemental jurisdiction over the alleged state law claims which were part of the same case or controversy pursuant to 28 U.S.C. § 1367. All other allegations are denied.

5) The allegations of paragraph 7 of the Fourth Amended Complaint are admitted.

6) MEIGS admits the allegations of paragraph 8 of the Fourth Amended Complaint and would also state that there are two (2) deceased individuals in this case. Both were residents of Meigs County, Tennessee.

7) The allegations of paragraph 9 of the Fourth Amended Complaint are admitted only to the extent that Tabitha Marie Smith was survived by children whom upon information and belief, she did not have custody of and was estranged from due to her drug use, addictions and criminal behavior, and those children appear to be the named Plaintiffs. All other allegations are denied.

8) The allegations of paragraph 10 of the Fourth Amended Complaint are admitted.

9) The allegations of paragraph 11 of the Fourth Amended Complaint are admitted only to the extent that the Plaintiff minor children most likely have legal guardians. Defendant reserves the right to conduct discovery on this issue. All other allegations are denied.

10) Admitted that Tabitha Marie Smith's biological children have standing to file a lawsuit and bring certain causes of action, however, claims for loss of consortium under Tennessee law filed by adult children have a different evidentiary standard than claims filed by minor children. All other allegations of paragraph 12 of the Fourth Amended Complaint are denied.

11) The allegations of paragraph 13 of the Fourth Amended Complaint are admitted.

2

12) It is admitted that MEIGS maintains a Sheriff's Department. MEIGS cannot admit or deny the remaining allegations of paragraph 14 of the Fourth Amended Complaint as they call for a legal conclusion.

13) The allegations of paragraph 15 of the Fourth Amended Complaint are denied as phrased.

14) The allegations of paragraphs 16 and 17 of the Fourth Amended Complaint are admitted.

15) It is admitted that MEIGS has certain duties to individuals who are in the custody of its officers. MEIGS cannot admit or deny the remaining allegations of paragraph 18 of the Fourth Amended Complaint as they call for a legal conclusion.

16) The allegations of paragraph 19 of the Fourth Amended Complaint are Admitted.

17) MEIGS is not able to admit or deny the allegations of paragraph 20 of the Fourth Amended Complaint as they lack specificity and are overly broad.

18) The allegations of paragraph 21 of the Fourth Amended Complaint are Admitted. However, on or about December 11, 2024, Bryan Hoss was substituted as counsel for the Estate of Robert Leonard and was ordered to accept service of process for any legal action filed against the Estate.

19) The allegations of paragraph 22 of the Fourth Amended Complaint are denied since on December 11, 2024, Bryan Hoss was substituted as counsel for the Estate of Robert Leonard.

20) With respect to paragraph 23 of the Fourth Amended Complaint, based on information and belief, MEIGS admits that the Fourth Amended Complaint attempts to allege claims against Deputy Leonard in his individual capacity. His Estate has been named as the party herein.

3

**Factual basis section**

21) The allegations of paragraph 24 of the Fourth Amended Complaint are admitted.

22) The allegations of paragraph 25 of the Fourth Amended Complaint are admitted only to the extent that Blythe Ferry Lane is a two-lane asphalt country road. All other allegations are denied.

23) The allegations of paragraph 26 of the Fourth Amended Complaint are admitted only to the extent that Blythe Ferry Lane is a two-lane asphalt country road. All other allegations are denied.

24) The allegations of paragraph 27 of the Fourth Amended Complaint are admitted only to the extent that Blythe Ferry Lane is an asphalt country road. All other allegations are denied.

25) MEIGS is unable to admit the allegations of paragraph 28 of the Fourth Amended Complaint as they lack specificity regarding "vicinity" and are overly broad.

26) The allegations of paragraph 29 of the Fourth Amended Complaint are Admitted.

27) With respect to the allegations in paragraph 30 of the Fourth Amended Complaint, they are admitted only to the extent that there is a sign on the roadway which says, "ROAD ENDS 1500 FT." All other allegations are denied.

28) With respect to the allegations in paragraph 31 of the Fourth Amended Complaint, they are admitted only to the extent there is a series of rumble strips prior to the river. All other allegations are denied.

29) MEIGS is without sufficient information and knowledge to admit or deny the allegations in paragraph 32 and there is no citation to when or where this measurement was determined. Therefore, the allegations are denied.

4

30) With respect to the allegations in paragraph 33 of the Fourth Amended Complaint, they are admitted only to the extent there are a series of rumble strips on the road. All other allegations are denied.

31) With respect to the allegations in paragraph 34 of the Fourth Amended Complaint, they are Admitted only to the extent there is a pavement marking on the road with the words Stop Ahead. All other allegations are denied.

32) With respect to the allegations in paragraph 35 of the Fourth Amended Complaint, they are Admitted only to the extent there is a pavement marking on the road with the words Stop Ahead. All other allegations are denied.

33) With respect to the allegations in paragraph 36 of the Fourth Amended Complaint, they are Admitted only to the extent there are a series of rumble strips on the road. All other allegations are denied.

34) The allegations in paragraph 37 of the Fourth Amended Complaint are Admitted only to the extent that there are no gates or barriers on Blythe Ferry Lane to prevent or stop motorists from driving into the river. The remaining allegations are denied.

**Factual Basis**

35) MEIGS admits Deputy Leonard was employed in the Sheriff's Department in late 2023. The remaining allegations in paragraph 38 of the Fourth Amended Complaint are denied.

36) The allegations in paragraph 39 of the Fourth Amended Complaint are admitted only to extent that MEIGS provided ride-along training to Deputy Leonard. All other allegations are denied.

37) With respect to the allegations in paragraph 40 of the Fourth Amended Complaint, it is admitted that Leonard was called by 911 Dispatch and told of a person who was "jumping into traffic" on or around the Highway 60 bridge, located in Meigs County. All other allegations and inferences are denied.

38) With respect to the allegations in paragraph 41 of the Fourth Amended Complaint, they are admitted only to the extent that Deputy Leonard responded to the call and drove towards the Highway 60 bridge in a department issued patrol car. All other allegations are denied.

39) With respect to the allegations in paragraph 42 of the Fourth Amended Complaint, they are admitted only to the extent that Deputy Leonard responded to the call and drove quickly towards the Highway 60 bridge. All other allegations are denied.

40) With respect to the allegations in paragraph 43 of the Fourth Amended Complaint, they are admitted only to the extent that Deputy Leonard drove from his home to Highway 58, then turned right onto Gunstocker Road and then turned right onto Highway 60. All other allegations are denied.

41) The allegations in paragraph 44 of the Fourth Amended Complaint are Admitted.

42) With respect to the allegations in paragraph 45 of the Fourth Amended Complaint, they are admitted only to the extent that Deputy Leonard left the Highway 60 bridge area with Tabitha Smith handcuffed and in custody in the rear of his patrol car at or around 9:58p.m. All other allegations are denied.

43) It is admitted that Deputy Leonard exchanged messages with Ben Christian in the evening of February 14, 2024. All other allegations and inferences in paragraph 46 of the Fourth Amended Complaint are denied.

6

44) It is admitted that Deputy Leonard drove on Blythe Ferry Lane and his GPS unit reports that he drove up to 56 mph. All other allegations in paragraph 47 of the Fourth Amended Complaint are denied.

45) The allegations in paragraph 48 of the Fourth Amended Complaint are denied.

46) With respect to the allegations in paragraph 49 of the Fourth Amended Complaint, they are denied to the extent that paragraph alleges that Deputy Leonard violated either T.C.A. § 55-8-199 or 55-19-203 or that those statutes apply to Deputy Leonard while on duty for the Meigs County Sheriff's Office.

47) The allegations in paragraph 50 of the Fourth Amended Complaint are denied.

48) It is admitted that law enforcement authorities found Leonard's patrol car upside down in the Tennessee River. All other allegations in paragraph 51 of the Fourth Amended Complaint are denied.

49) The allegations in paragraphs 52 and 53 of the Fourth Amended Complaint are admitted.

50) The allegations in paragraphs 54 and 55 of the Fourth Amended Complaint are denied.

51) It is admitted that prior to this incident involving the parties, at least one other person had driven into the Tennessee River at Blythe Ferry under different circumstances, but that person was not a MEIGS Deputy. All other allegations in paragraph 56 of the Fourth Amended Complaint are denied.

52) The allegations in paragraphs 57, 58 and 59 of the Fourth Amended Complaint are denied.

53) The allegations in paragraph 60 of the Fourth Amended Complaint lack specificity and are denied.

7

54) The allegations in paragraph 61 of the Fourth Amended Complaint are denied.

55) MEIGS is without sufficient information to either admit or deny the allegations in paragraph 62 of the Fourth Amended Complaint.

56) The allegations in paragraphs 63, 64 and 65 of the Fourth Amended Complaint are denied.

**Factual basis – MEIGS**

57) With respect to the allegations in paragraph 66 of the Fourth Amended Complaint, MEIGS admits that, through its Sheriff's Department, it trained and equipped Deputy Leonard pursuant to its customs and polices.

58) The allegations in paragraphs 67, 68 and 69 of the Fourth Amended Complaint are denied.

59) The allegations in paragraphs 70, 71 and 72 of the Fourth Amended Complaint are denied as they lack specificity regarding the applicable time period.

60) The allegations in paragraph 73 of the Fourth Amended Complaint are admitted only to the extent that MEIGS did not provide its deputies with body-worn cameras or dash cameras in 2024. All other allegations are denied.

61) The allegations in paragraph 74 of the Fourth Amended Complaint are admitted only to the extent that MEIGS' deputies used text messages to communicate with other officers, supervisors and family members. All other allegations are denied.

62) The allegations in paragraphs 75, 76, 77 and 78 of the Fourth Amended Complaint are denied.

FEDERAL CLAIMS

COUNT I

63) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 79 of the Fourth Amended Complaint.

64) MEIGS is unable to admit or deny the allegations in paragraph 80 of the Fourth Amended Complaint.

65) MEIGS cannot admit or deny the allegations of paragraph 81 of the Fourth Amended Complaint as they call for a legal conclusion.

66) MEIGS Admits that Tabitha Smith was in lawful custody and relied on Deputy Leonard for her safety while he transported her to the jail. All other allegations of paragraph 82 of the Fourth Amended Complaint are denied.

67) The allegations in paragraph 83 of the Fourth Amended Complaint are denied.

68) MEIGS cannot admit or deny the allegations of paragraph 84 of the Fourth Amended Complaint and demands strict proof thereof.

69) The allegations in paragraph 85 of the Fourth Amended Complaint are denied.

70) MEIGS cannot admit or deny the allegations of paragraph 86 of the Fourth Amended Complaint and demands strict proof thereof.

71) The allegations in paragraph 87 of the Fourth Amended Complaint are denied.

72) MEIGS cannot admit or deny the allegations of paragraph 88 of the Fourth Amended Complaint as they lack specificity.

73) The allegations in paragraphs 89, 90, 91 and 92of the Fourth Amended Complaint are denied.

9

## COUNT II

74) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 93 of the Fourth Amended Complaint.

75) MEIGS is unable to admit or deny the allegations in paragraph 94 of the Fourth Amended Complaint.

76) MEIGS cannot admit or deny the allegations of paragraph 95 of the Fourth Amended Complaint as they call for a legal conclusion.

77) The allegations in paragraph 96 of the Fourth Amended Complaint are admitted.

78) The allegations in paragraphs 97, 98, 99 & 100 of the Fourth Amended Complaint are denied.

79) MEIGS cannot admit or deny the allegations of paragraph 101 of the Fourth Amended Complaint as they lack specificity.

80) MEIGS admits that it has an obligation to protect pretrial detainees in its control. MEIGS cannot admit or deny the remaining allegations of paragraph 102 of the Fourth Amended Complaint as they call for a legal conclusion.

81) The allegations in paragraph 103 of the Fourth Amended Complaint are denied.

82) The data and sources referenced in paragraphs 104 and 105 of the Fourth Amended Complaint would speak for themselves and MEIGS demands strict proof thereof.

83) The allegations in paragraphs 106 and 107 of the Fourth Amended Complaint are denied.

10

STATE LAW CLAIMS

COUNT III

84) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 108 of the Fourth Amended Complaint.

85) MEIGS is unable to admit or deny the allegations in paragraph 109 of the Fourth Amended Complaint.

86) MEIGS cannot admit or deny the allegations of paragraph 110 of the Fourth Amended Complaint as they call for a legal conclusion.

87) The allegations in paragraphs 111 and 112 of the Fourth Amended Complaint are denied.

COUNT IV

88) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 113 of the Fourth Amended Complaint.

89) MEIGS is unable to admit or deny the allegations in paragraph 114 of the Fourth Amended Complaint.

90) MEIGS cannot admit or deny the allegations of paragraph 115 of the Fourth Amended Complaint as they lack specificity.

91) The allegations in paragraphs 116, 117 and 118 of the Fourth Amended Complaint are denied.

COUNT V

92) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 119 of the Fourth Amended Complaint.

11

93) MEIGS is unable to admit or deny the allegations in paragraph 120 of the Fourth Amended Complaint.

94) The allegations in paragraphs 121, 122 and 123 of the Fourth Amended Complaint are denied.

## COUNT VI

95) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 124 of the Fourth Amended Complaint.

96) MEIGS is unable to admit or deny the allegations in paragraph 125 of the Fourth Amended Complaint.

97) The allegations in paragraphs 126, 127, 128, 129 and 130 of the Fourth Amended Complaint are denied.

## COUNT VII

98) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 131 of the Fourth Amended Complaint.

99) MEIGS is unable to admit or deny the allegations in paragraph 132 of the Fourth Amended Complaint.

100) The allegations in paragraph 133 of the Fourth Amended Complaint are admitted.

101) MEIGS cannot admit or deny the allegations of paragraphs 134, 135 and 136 of the Fourth Amended Complaint as they call for a legal conclusion.

102) The allegations in paragraph 137 of the Fourth Amended Complaint are denied.

## COUNT VIII

103) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 138 of the Fourth Amended Complaint.

12

104) MEIGS is unable to admit or deny the allegations in paragraph 139 of the Fourth Amended Complaint.

105) The allegations in paragraphs 140 and 141 of the Fourth Amended Complaint are denied.

## COUNT IX

106) MEIGS adopts its response to all the preceding paragraphs in response to the allegations in paragraph 142 of the Fourth Amended Complaint.

107) The allegations in paragraphs 143, 144 and 145 of the Fourth Amended Complaint are denied.

108) MEIGS denies the allegations in the "damages" section of the Fourth Amended Complaint and demands strict proof thereof.

109) MEIGS denies the allegations in the "relief requested" section of the Fourth Amended Complaint and demands strict proof thereof.

110) MEIGS denies all allegations of the Fourth Amended Complaint which were not previously admitted, denied, or otherwise answered above.

## **AFFIRMATIVE DEFENSES**

A.      The Fourth Amended Complaint fails to state a claim upon which relief can be granted with respect to the §1983 claims; the single incident theory issue; prior notice; and deliberate indifference issues.  In addition, if an alleged failure to train regards an obvious issue, the Plaintiffs' Complaint would fail to state a constitutional violation on that basis. The Fourth Amended Complaint also fails to state a claim on the gross negligence issue.

13

B.      With respect to the state law claims alleged in the Fourth Amended Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, *Tenn. Code Ann.* § 29-20-101, *et seq.*, ("GTLA"), and this Defendant is entitled to all defenses, immunities, and protections of said Act including Tenn. Code Ann. §29-20-205(2) which maintains governmental immunity as to civil rights claims. MEIGS also asserts that it retains immunity from all claims asserted by the Plaintiffs for the exercise of any discretionary functions in relation to any training and/or policy issues.

C.      To the extent that any liability is proven at trial, this Defendant reserves the right to aver that the damages complained of by Plaintiffs may have resulted from independent, intervening causes and any damages alleged may not have been proximately caused by any act or omission on the part of this Defendant.  This Defendant reserves the right to supplement this defense upon completion of all discovery in this cause.

D.      MEIGS demands strict proof on the causation issues with respect to all claims raised.

E.      To the extent the Plaintiffs are seeking punitive damages for any alleged violation(s) of Tennessee state law, punitive damages are not recoverable from either a governmental entity or its employees for said violations. See *Johnson v. Smith*, 621 S.W. 2d 570, 572 (Tenn. 1981).

F.      The provisions and limitations of Tennessee's Civil Justice Act may apply to the claims raised by Plaintiffs in the Fourth Amended Complaint.

G.      To the extent any of the claims raised by Plaintiffs are triable by a jury, this Defendant does not waive its right to a jury trial.

Having fully answered the Fourth Amended Complaint, MEIGS asserts that the claims against it should be dismissed at the cost of the Plaintiffs. MEIGS also requests such other specific and general relief that it would be entitled to in the premises and also reserves the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court and as discovery proceeds[1].

Respectfully submitted,

MICHEL AND WARD, P.C.


By: /S/ Alix C. Michel

**Alix C. Michel (BPR No. 024243)**
**David J. Ward (BPR No. 013449)**
735 Broad Street, Suite 406
Chattanooga, Tennessee 37402
Telephone: 423.602.9522
Facsimile: 423.265.9524
*Attorneys for Defendant MEIGS COUNTY*

---

[1] Defendant expressly reserves the right to assert the Public Duty Doctrine; the defense of "after acquired evidence"; and any other applicable Federal or State law immunities pending the completion of all discovery on the factual circumstances surrounding the Plaintiffs' claims.

15