UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **NATHANIEL ALEXANDER SMITH et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:24-CV-00151-7-DCLC-CHS** |
| **MEIGS COUNTY and ESTATE OF ROBERT J. LEONARD, by and through Neal Pinkston as Administrator ad litem,** | ) | |
| **Defendants.** | ) | |

**MEIGS COUNTY'S RESPONSE TO PLAINTIFFS' EXPEDITED MOTION TO AMEND SCHEDULING ORDER**

Defendant MEIGS COUNTY, through counsel, hereby files the instant Response to Plaintiffs' Expedited Motion to Amend Scheduling Order (DOC 179 & 181) and states as follows:

**FACTS**

The Parties have conferred and have agreed to a proposed resolution of the majority of the relief requested by the Plaintiffs. The Proposal has been Jointly submitted to Magistrate Judge Steger for his consideration. (See transmittal and the proposed Joint Statement Concerning Amending the Scheduling Order submitted on 9/3/26 attached as Exhibit "1").[1]

If the Court approves the Joint proposal, what remains unresolved is a dispute as to the scope of the re-depositions of Ben Christian, Will Owens and Brian Malone --- and any associated written discovery to either MEIGS COUNTY or those witnesses. All Parties agree that the scope of the re-depositions will include vehicle maintenance and the condition of the vehicle that Tabitha Smith

[1] This resolution renders moot any further comment by MEIGS COUNTY to Plaintiffs' baseless claims of "skull duggery" and preventing information from being discovered.

and Mr. Leonard died in. However, the Parties disagree whether any discovery into an ***accusation*** of alleged criminal conduct by either Brian Malone or Will Owens is properly within the scope of the re-depositions and any further discovery.

The Plaintiffs' have submitted a sworn statement from former Deputy Jacob Green in which he ***accuses*** Will Owens and Brian Malone of some sort of workers compensation misconduct **arising from a December 2025 incident.** See DOC 181-1, PageID#1799 at lines 22-25. Based on same, the Plaintiffs have specifically stated they need "to submit a fresh set of request for production to obtain records such as Owens' personnel file, any reports of first injury by Owens to obtain workers compensation, any records of investigations into the altercation between Owens and Green (a former Deputy) and, records of investigations in Owens' workers compensation claim." See DOC 179, PageID#1727.[2]

MEIGS COUNTY objects to any questioning and written discovery on an unfounded workers compensation issue because:

- it is based on ***an accusation*** by former Deputy Green that the Plaintiffs attempt to expand into accusations of insurance fraud, criminal conduct, official misconduct, and retaliation. Doc. 181, PageID #1735, 1741;
- it involves conduct that allegedly occurred in December 2025 **(i.e., some twenty-two (22) months after the deaths of Tabitha Smith and Deputy Leonard)**; and,
- it does not involve either an arrestee transport or vehicle maintenance and does not involve facts about how Deputy Leonard's vehicle entered the Tennessee River.

As such, any deposition questions and/or written discovery on that ***accusation*** would not be reasonably calculated to lead to the discovery of admissible evidence and should not be permitted.

[2] Indeed, this morning, the Plaintiffs served additional discovery on MEIGS COUNTY with Requests for Admissions, Requests for Production and an Interrogatory directed to the worker compensation ***accusation***. (See discovery request attached as Exhibit "2"). MEIGS COUNTY reserves and does not waive any objections to said discovery by addressing them in the instant pleading.

In further support of its objection, MEIGS COUNTY would state:

1) **Green's *accusation* involves alleged conduct that is entirely separate from the February 14, 2024 transport incident involving Tabitha Smith and any vehicle maintenance issues.**

The gravamen of the Plaintiffs' claims against MEIGS COUNTY is a *Monell* failure to train claim. In addition, the Plaintiffs' assert in their Expedited motion that the condition of the Crown Victoria that Deputy RJ Leonard drove into the Tennessee River is a *Central* element of this case. (See DOC 181, pg. ID#1742). An ***accusation*** of workers compensation misconduct bears no nexus to those issues.

Because Green's ***accusation*** concerns conduct that allegedly happened **some twenty-two (22) months after the deaths**, it cannot retroactively prove what MEIGS COUNTY knew about the training of its Deputies regarding transporting arrestees or the condition of the Crown Victoria that Defendant Leonard drove into the Tennessee River.

Green's ***accusation*** isn't even evidence of an investigation, charge, indictment, or a conviction. The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter ***that is relevant to any party's claim or defense and proportional to the needs of the case***." Fed.R.Civ.P. 26(b)(1) (emphasis added). A trial court has broad discretion to determine the proper scope of discovery. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016).

Although a party should not be denied access to information necessary to prove their contentions, neither should they be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." Id. (internal citation omitted). A court must balance the "right to discovery with the need to prevent fishing expeditions." Id. at 236-37 (internal quotation marks and citation omitted).

Additional deposition questioning and/or written discovery into Green's unproven, collateral ***accusation*** is not a search for information necessary for the Plaintiffs' to prove their contentions and requiring MEIGS COUNTY to produce personnel files and workers compensation documentation in the face of no Agency investigation, charge, indictment, or conviction would violate the proportionality mandates of FRCP 26(b). As such, it should not be permitted.

**2) If the Court permits deposition questioning about the *accusation*, the prohibition on extrinsic evidence under FRE 608(b) requires there be no written discovery on Green's *accusation.***

Written discovery regarding an unproven, collateral ***accusation*** on a workers' compensation issue that allegedly occurred **twenty-two (22) months** after the incident in question does not lead to the discovery of admissible evidence because the records sought would be completely barred as extrinsic evidence at trial. FRE 608(b) provides in relevant part:

Rule 608. A Witness's Character for Truthfulness or Untruthfulness

> **(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
>
> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, ***extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness***. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> > **(1)** the witness; or
> >
> > **(2)** another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness. (emphasis added).

As such, if in the Court's discretion it permits questioning of a witness about specific instances of their past conduct, (if probative of truthfulness or untruthfulness), Rule 608(b) prohibits the proof of such conduct by extrinsic evidence (because of the dangers of confusion, prejudice, and waste of time that would be inherent if a "mini-trial" on the existence of past conduct were allowed).

Based on same, MEIGS COUNTY submits that the Plaintiffs **should not** be allowed "to submit a fresh set of discovery requests to obtain information/records such as "Owens' personnel file, any reports of first injury by Owens to obtain workers compensation, any records of investigations into the altercation between Owens and Green (a former Deputy) and, records of investigations in Owens' workers compensation claim."

**Conclusion**

Based on the above, MEIGS COUNTY respectfully requests that the scope of the second depositions of Ben Christian, Will Owens and Brian Malone be limited and not include discovery into the ***accusation*** by former Deputy Green nor include any written discovery on that issue.

Respectfully submitted,

MICHEL AND WARD, P.C.

By: /S/ Alix C. Michel
**Alix C. Michel (BPR No. 024243)**
**David J. Ward (BPR No. 013449)**
735 Broad Street, Suite 406
Chattanooga, Tennessee 37402
Telephone: 423.602.9522
Facsimile: 423.265.9524
*Attorneys for Defendant MEIGS COUNTY*