**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA**

| | | |
|---|---|---|
| TABITHA MARIE SMITH (Deceased)<br>(aka Tabatha Marie Colbaugh),<br>by and through her surviving children<br>NATHAN ALEXANDER SMITH,<br>JE through next friend JH,<br>NR through next friend SR, and<br>LC through next friend EH, *et al.*,<br><br>*Plaintiffs,*<br><br>~v~<br><br>MEIGS COUNTY, *et al.*,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:24-cv-151-DCLC-CHS<br><br>JURY DEMANDED |

**PLAINTIFFS' REPLY TO RESPONSE OF DEFENDANT MEIGS COUNTY TO PLAINTIFF'S EXPEDITED MOTION TO AMEND THE SCHEDULING ORDER AND FOR LEAVE TO RE-DEPOSE CERTAIN WITNESSES**

Plaintiffs, for their reply to Defendant Meigs County's response (DE 184), will show:

## INTRODUCTION

As explained by Defendant Meigs County in its response, (ECF No. 184, PageID # 1925), after Plaintiffs filed their Motion, the Parties attended a status conference to discuss potential amendments to the scheduling order and subsequently provided the Court with proposed dates that differ from those articulated in Plaintiff's original motion. Plaintiffs ask this Court to amend the Scheduling Order as jointly requested by the Parties rather than using the dates identified in Plaintiffs' original Motion. (ECF No. 184-1, PageID # 1952).

Defendant Meigs County also identified the remaining dispute about the scope of re-depositions of Ben Christian, Will Owens, and Brian Malone and requested a protective order[1] related to the Minor Plaintiffs' recent written discovery concerning alleged misconduct raised by Jacob Green. See Id. PageID. #1946–1949). This reply addresses those arguments.

**ARGUMENT**

Defendant Meigs County conflates two distinct (albeit superficially connected) issues. The first issue is whether Plaintiffs may ask Brian Malone, Will Owens, and Ben Christian about the misconduct articulated in Jacob Green's sworn statement. *See* (ECF No. 181-1, PageID # 1799–1817). As required by Rule 30(a)(2), Plaintiffs moved for leave to redepose these witnesses in their Motion. (ECF No. 179). As the moving Parties, Plaintiffs bear the burden to demonstrate that they are entitled to relief. On the other hand, Plaintiffs (in this case, the Minor Plaintiffs), are not required to seek leave of the Court to serve discovery requests.

When a party seeks to prevent discovery into an issue, they must move the Court under FED. R. CIV. P., Rule 26(c), and as noted in the *single case* cited by Defendant Meigs County in its Response, "[t]o sustain a protective order under Rule 26(c), the **moving** party must show "good cause" for protection from one (or more) harms identified in Rule 26(c)(1)(A) . . ." In re Ohio Execution Protocol Litig., 845 F.3d 231, 236 (6th Cir. 2016) (emphasis added, citation omitted). Defendant Meigs

[1] Not by name or rule.

County does not sustain its burden, and contrary to its assertion,[2] this Court should not permit it to raise the same objections in response to the Minor Plaintiffs' Fourth Set of Discovery to save the Parties and Court from addressing the issue here, and in future motion practice.[3]

**A.**

**Plaintiffs should be permitted to question Brian Malone, Ben Christian, and Will Owens about the alleged misconduct.**

Defendant Meigs County seeks to preclude discovery into the alleged misconduct of Chief Deputy Brian Malone and Will Owens (including assault, workers' compensation fraud, and retaliation issues) raised by Jacob Green, arguing irrelevance, temporal remoteness, proportionality, and Federal Rule of Evidence 608(b). Those objections are unavailing.

As an initial matter, Plaintiffs should be permitted to question Brian Malone, Ben Christian, and Will Owens about the conduct described by Jacob Green. The allegations concern the truthfulness and conduct of key Meigs County

---

[2] "MEIGS COUNTY reserves and does not waive any objections to said discovery by addressing them in the instant pleading." (ECF No. 184, PageID # 1946, n. 2).

[3] At the district court level within the Sixth Circuit, courts have consistently held that a response to a motion is an improper vehicle for requesting independent relief. In Schultz v. Burton-Moore Ford, Inc., the Eastern District of Michigan stated plainly that "a party may not include a motion in a response brief to another party's motion" and that "[t]o obtain the requested relief, Defendant must file its own motion seeking relief." Schultz v. Burton-Moore Ford, Inc., 2008 WL 2355588 at *8 (E.D. Mich. June 5, 2008). This principle was similarly applied in Smith v. Thistle Farms, where the Middle District of Tennessee declined to consider a plaintiff's requests for sanctions, leave to amend, and other forms of relief that were embedded in a response brief, concluding that "a response to a motion is an improper vehicle to request relief (other than denial of the motion)." Smith v. Thistle Farms, 2026 WL 1249492 at fn 3 (M.D. Tenn. May 6, 2026).

decisionmakers and witnesses whose testimony directly addresses core topics (policies, practices, vehicle condition). Discovery bearing on credibility and potential bias is relevant under Rule 26(b)(1) when it affects the reliability of evidence central to the claims. C.F. Lackey v. Am. Heart Ass'n, Inc., 2022 WL 327759, at *1 (W.D. Ky. Feb. 3, 2022) (observing credibility of deponents can both be relevant and discoverable) (citing FED. R. CIV. P., Rule 26(b)(1)). Indeed, impeachment evidence is a classic example of the type of evidence that should be discoverable in litigation. See Beck v. UPS, 2025 LX 118133, at *10-11 (W.D. Ky. Apr. 22, 2025) (collecting cases). See also MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co., 2013 WL 1898374, at *4 (E.D. Mich. May 7, 2013) ("[D]iscoverable information includes evidence relevant to the credibility of a party or a key witness."). Defendant Meigs County's temporal argument, that the conduct occurred *after* the incident does not make it less relevant to their credibility[4]. The alleged conduct is not only relevant to the credibility of key witnesses, but also to Plaintiffs' *Monell* claims. As noted above, Plaintiffs have made Defendant Meigs County's failure to properly investigate and discipline misconduct and errors a key part of their case.

Furthermore, Defendant Meigs County's argument that the conduct occurred after the incident in question is insufficient to limit discovery that touches the core of this case. The narrowly cabined re-depositions to address these late-emerging facts are proportional and necessary. See generally Pitcher v. Waldman, 2012 WL

[4] In fact, Plaintiffs would argue that it increases the weight of the evidence as it is more recent.

2190789, at *2 (S.D. Ohio June 14, 2012) (court allowing discovery "brief and narrowly focused" and "targeted" to areas not previously explored in the context of Plaintiffs' federal claims,).

**B.**
**Defendant Meigs County is not entitled to a protective order prohibiting Plaintiffs from written discovery of evidence related to misconduct**

In addition to Defendant Meigs County's common argument to both the scope of the redepositions and its requested protective order, Defendant Meigs County makes an additional argument specific to the Minor Plaintiffs' written discovery – that because Plaintiffs cannot introduce extrinsic evidence to attack credibility under FED. R. EVID., Rule 608(b), they cannot seek written discovery on it. (ECF No. 184, PageID #1948–1949).

Defendant Meigs County's reliance on FRE 608(b) is misplaced. Courts routinely allow discovery into credibility-relevant matters even if later limits apply to trial proof. To be sure, a court in this circuit addressed this very issue:

> A litigant may discover facts related to the credibility of a potential trial witness. *See Hickman v. Taylor,* 329 U.S. 495, 511 (1947). "[O]ne of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses." *U.S. v. Int'l Bus. Machs. Corp.,* 66 F.R.D. 215, 218 (S.D.N.Y.1974) (mem.) (citing *Hickman,* 329 U.S. at 511). This Court agrees that the Rules' wide scope with regard to discovery allows a party to discover information related to the credibility of a witness. The Sixth Circuit held that one may admit "facts tending to show interest, bias or motive" at trial, and therefore one may discover such evidence or information reasonably calculated to lead to the discovery of such evidence. *Majestic v. Louisville & Nashville R.R. Co.,* 147 F.2d 621, 627 (6th Cir.1945).

In re Complaint of Foss Mar. Co., 2015 WL 1249571, at *1 (W.D. Ky. Mar. 18, 2015)

Thus, to the extent extrinsic evidence may be constrained at trial, *that is a separate, later question*; **at discovery**, the standard is broader and favors obtaining information needed to frame depositions and evaluate witness testimony. See also Williams Int'l Co., LLC v. Zurich Am. Ins. Co., 2023 WL 12047222, at *2 (E.D. Mich. Nov. 8, 2023) (discovery is broader than admissibility and that even if some of the deposition testimony may be inadmissible, information within the scope of discovery need not be admissible in evidence to be discoverable).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court GRANT their Expedited Motion to Amend the Scheduling Order, permit them to inquire into to alleged misconduct in the redepositions of Brian Malone, Will Owens, and Ben Christian, and DENY Defendant Meigs County's **quasi-motion** for a protective order related to the Minor Plaintiffs' Fourth Set of Discovery.

Respectfully submitted,

By: /s/ *Robin Ruben Flores*
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Nathan Alexander Smith
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
**robin@robinfloreslaw.com**

*/s/ Paul Matouka (by permission)*
Paul Matouka (MI Bar #P84874)*
OLIVER BELL GROUP
Attorneys for Minor Plaintiffs
50 W. Big Beaver Rd.

Suite 200
Troy, MI 48084
(248) 327-6566
pmatouka@oliverlawgroup.com
notifications@oliverlawgroup.com
*Admitted *pro hac vice*

**Certificate of Service**

I certify that I served a copy of this motion to all persons listed on the ECF/CM receipt and on the dates listed thereupon.

/s/ Robin Ruben Flores