**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

TABITHA MARIE SMITH (Deceased) )
(aka Tabatha Marie Colbaugh), by and )
Through her surviving children, )
NATHAN ALEXANDER SMITH, )
JE through next friend JH, )
NR through next friend SR, and )
LC through next friend EH, )

and

NATHAN ALEXANDER SMITH, )
JE through next friend JH, )
NR through next friend SR, and )
LC through next friend EH, )
(individually), )
*Plaintiffs*, )

v. ) No. 1:24-cv-00151-DCLC-CHS

MEIGS COUNTY and ESTATE OF )
ROBERT J. LEONARD (Deceased), )
by and through Neal Pinkston as )
Administrator *Ad Litem*, )
*Defendants*. )

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' Joint Omnibus Motion to Amend Scheduling Order and for Leave to Re-Depose Additional Witnesses [Doc. 179]. The Court conducted a videoconference status hearing in this case on August 31, 2026. Attorneys Paul Matouka and Robin Flores appeared for Plaintiffs. Attorneys David Ward, Alix Michel, Logan Davis, and Bryan Hoss appeared for Defendants.

During the hearing, counsel for all of the parties made a joint request to the Court to amend the current scheduling order to alter certain scheduling deadlines and change the trial date. In support of this request, the parties represent to the Court that they have diligently worked to meet

the scheduling deadline requirements, but have encountered challenges involving scheduling conflicts and the complexity of the facts and legal issues. The undersigned finds that counsel for the parties are proceeding in good faith and exercising diligence.

The undersigned advised counsel for the parties to meet and confer with respect to a new trial date and amended scheduling deadlines, and to submit a proposal to the Court. The undersigned represented to the parties that he would present their proposal to the District Judge for consideration, and that the undersigned would recommend that the District Court accommodate the parties request to the extent possible. The parties met and conferred, and offered the following proposal to the Court:

**JOINT PROPOSAL OF COUNSEL FOR THE PARTIES FOR AMENDING THE SCHEDULING ORDER**

In accordance with Magistrate [Judge] Steger's instructions at the conference held on August 31, 2026, the parties, through Counsel, met via Microsoft Teams on September 2, 2026, and participated in a meet and confer regarding remaining discovery and amending the current Scheduling Order. Based on same, the parties would advise the Court of the following:

**1) Deposition schedule to complete remaining discovery.**

The parties extensively discussed the remaining depositions they anticipated, agreed on several deposition dates, and discussed the potential need for additional discovery based on evidence obtained through those depositions. The depositions scheduled during the meet and confer were as follows:

| **Fact Witnesses:** | **Date** |
|---|---|
| Carl Ritchey | **11/18/2026** |
| Kelley Overly | **11/16/2026** |
| Sherry Roberson | **11/16/2026** |
| Natalie Roberson | **11/16/2026** |
| Michael Server | **11/17/2026** |
| Kyle Hartline | **11/18/2026** |

| | |
|---|---|
| Kenneth Colbaugh | **11/17/2026** |
| Jacob Green | **11/17/2026** |
| Amber McKinney | **11/18/2026** |
| Brandon McKinney | **11/18/2026** |
| John McFarland | **12/8/2026** |
| **Brian Malone**[1] | **11/19/2026** |
| **Will Owens**[2] | **11/19/2026** |
| **Ben Christian**[3] | **11/19/2026** |
| Jail administrators | If necessary, based on testimony of other witnesses. |
| Prisoners | If necessary, based on testimony of other witnesses. |
| | |
| **Experts:** | |
| Ryan McGee | **9/15/2026** |
| T. Tiderington | **1/5/2027** |
| Dr. Richard Hough | **1/26/2027-1/29/2027** |
| K. Scott Reiling | **1/26/2027-1/29/2027** |
| Mike Hodges | **1/26/2027-1/29/2027** |

**2) Proposed Amendment to the Scheduling Order and Trial Setting.**

Based on the agreed upon deposition dates above, the Parties jointly propose the Court consider Amending the Scheduling Order and Trial setting as follows:

| Important Scheduling Dates | |
|---|---|
| Trial Date | **Requesting no earlier than an August 2027 setting** |
| Estimated Length of Trial | **8-9 days** |
| Final Pretrial Conference | **TBD by Court** |
| Non-dispositive Motions Due (including Motions in Limine) | **Mid-May 2027** |

[1] The Parties have agreed to the limited redepositions of Brian Malone, Will Owens, and Ben Chrisitian. However, there is a dispute as to the scope of the re-depositions of these witnesses. All Parties agree that the scope of the deposition includes vehicle maintenance and the condition of the vehicle that Ms. Smith and Mr. Leonard died in. **However, the Parties disagree whether the alleged criminal conduct of Brian Malone and Will Owens are properly within the scope of the re-deposition and seek direction from the Court to resolve this dispute promptly (emphasis added)**.

[2] Same as above.

[3] Same as above.

| | |
|---|---|
| Dispositive Motions Due and Daubert Challenge Deadline | **March 19, 2027** |
| Fact and Expert Discovery Cut-Off (all discovery) | **February 19, 2027** |
| Deadline for Supplementation of expert reports:<br><br>(Note: other than the current ruling permitting Plaintiffs the opportunity to add an expert to counter Mr. McGee, any party seeking to add experts will need to file a Motion and obtain an Order from Court allowing same) | **Plaintiff: December 11, 2026**<br>**Defendant: January 18, 2027** |
| Final Witness and Exhibit list | **TBD by Court** |
| Depositions for evidence | **TBD by Court** |

For the foregoing reasons, it is hereby **RECOMMENDED**[4] that:

1. The District Court **AMEND** the current Scheduling Order to accommodate the Parties' request for extension of deadlines in this case, and to establish any other deadlines and requirements that the District Court believes necessary to secure the just, speedy, and inexpensive determination of this action.

2. Plaintiffs' Joint Omnibus Motion to Amend Scheduling Order and for Leave to Re-Depose Additional Witnesses [Doc. 179] be **DISMISSED AS MOOT**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).